In the Matter of the Judicial Accounting of JOHN B. FULLER, as Executor, etc., of SARAH A. TILLMAN, Deceased.

JOHN B. FULLER, as Executor, etc., and Another, Appellants; LEONARD H. DOTY and Another, Respondents.

*Will — opening a decree of final settlement — proper parties thereto.*

Sarah A. Tillman left a will by the terms of which she gave to her husband the use of her real estate for life, and empowered her executors, in case its use should be insufficient for his support, to apply, if necessary, all the proceeds of the real estate to that purpose. Her husband died before the testatrix.

A further provision of the will was as follows: "The proceeds from the sale of my real estate, if any left, shall be divided equally, share and share alike, between my three children." She also gave her executors power to sell her real estate. Her will was admitted to probate in 1887.

In 1888 two of the children conveyed their interest in the real estate to a third child, one Rhoda Oxley, who, thereupon, mortgaged the same to Lorenzo B. Doty, and subsequently, in 1893, sold the fee to Martin Webster and John D. Arnold, the grantees assuming payment of the mortgage. The executor who alone qualified accounted in 1894. The decree made at that time declared that there was a deficiency in the personal estate; that certain claims specified in the decree were unpaid and were valid liens upon the estate, and directed the executor to pay them.

Subsequently Doty and Webster (who had not been made parties to the accounting) petitioned the Surrogate's Court to open the decree, alleging that one of the claims allowed was fictitious; that another was barred by the Statute of Limitations, and that their own claims as mortgagee and grantee respectively were superior to the claims of any creditors of the decedent upon the real estate. It was objected that it was not necessary to make the petitioners parties to the proceeding because of the fact that at the time it was taken more than three years had elapsed after letters had been issued, and that the claims of creditors could not be charged upon the real estate.

*Held,* that, as the surrogate in making the decree had taken the view that under the language of the will there was a conversion of real estate into personalty, and as he had charged the claims now attached upon "the estate," this must mean the estate represented by the testatrix's real estate; and that the petitioners, in this view, had a standing which entitled them to seek relief against the decree.

APPEAL by John B. Fuller, as executor of the will of Sarah A. Tillman, and by Joseph H. Buell, a creditor of her estate, from an order of the Surrogate's Court of Orleans county, entered in said Surrogate's Court on the 28th day of August, 1894, setting aside a

decree entered upon a judicial settlement of the accounts of said John B. Fuller as such executor, directing that a new hearing of said judicial settlement be had, and enjoining said Fuller, as such executor, from disposing of the real estate of said Sarah A. Tillman under the power of sale given to him by her will.

The will of Sarah A. Tillman was admitted to probate on the 26th day of September, 1887. The conveyance by two of her children to the third, Rhoda Oxley, and her mortgage of the premises to Lorenzo B. Doty occurred on the 4th day of April, 1888. Rhoda Oxley conveyed the premises in question to Martin Webster, one of the petitioners herein, and to John D. Arnold, on the 30th day of January, 1893, by a warranty deed, in which it was stated that there was then unpaid upon the mortgage from Oxley to Doty the sum of $1,500, and the mortgage was in said deed assumed by Webster and Arnold. The surrogate's decree, which is attacked in this proceeding, was made on the 5th day of March, 1894. The petition in this proceeding was verified on the 12th day of March, 1894.

*William E. Hobby,* for the appellants.

*James S. Thompson,* for the respondents.

BRADLEY, J. :

The ultimate disposition of some of the questions in this matter may be dependent upon the effect of certain provisions of the will of the testatrix. By it she gave to her husband the use during his life of all her real estate, and if that should be insufficient for his support, the executors were directed to use a requisite portion, or, if necessary, the whole of the real estate for such purpose. Then followed the provision that " the proceeds from the sale of my real estate, if any left, shall be divided equally, share and share alike, between my three children above mentioned. I give my executors hereinafter named full power and authority to sell, transfer and convey, by deed or otherwise, my real estate to the same extent I might do if living." .

Only one of the two persons nominated by her to be executors accepted the trust. By the terms of the will he had all the powers given to both. The testatrix survived her husband. Within a year after her death two of the children joined in a conveyance to the

third, Rhoda Oxley, and she thereupon made to Lorenzo B. Doty her bond, with a mortgage on the premises, to secure the payment of a loan of $2,000 made by him. Of this money $150 was taken by the executor, and the residue was divided between the other two children, Mrs. McKeon and Charles H. Tillman, by whom the conveyance was made.

The premises were afterwards conveyed by Mrs. Oxley to Webster and Arnold, they assuming such mortgage, upon which there remained unpaid $1,600, and they thereafter made further payments upon it. Afterwards a judicial accounting of the executor was had and a decree of the Surrogate's Court to that effect entered, in which it was ordered that there was a deficiency of $443.72 in the assets of the estate of the decedent, and that it remained a lien and charge on the estate; that part of said deficiency consisted of a claim of the executor amounting to $19.26, a claim of Charles Tillman of $211.56, and a claim of J. H. Buell of $156.85; that such three claims were unpaid and were valid and subsisting liens upon said estate and that the executor pay them.

The petition upon which this decree was opened was that of Doty, the mortgagee, and Webster, one of the grantees of the premises. They were not made parties to the proceeding in which the decree was made. And the petition contains various alleged reasons for the relief sought, amongst which are the charges that the claim of Buell was barred by the Statute of Limitations; that of Tillman was fictitious and not a just claim against the estate, and that the mortgage to Doty and the deed to Webster and Arnold were superior to the claim of any creditor of the decedent upon such land.

On the part of the appellants it is said that there was no occasion to make the petitioners parties to the proceeding, because at the time it was taken the claims of creditors could not be charged upon the land of which the testatrix died seized, because when the proceeding for the judicial accounting was instituted more than three years had elapsed after letters testamentary had been duly issued. (Code Civ. Proc. § 2750.)

If, as claimed by the learned counsel for the appellants, the power of sale was given merely to divide the proceeds amongst the three

children, they took title subject to the execution of the power, and the three years' limitation was a bar to a proceeding in the Surrogate's Court in behalf of the creditors for disposition of the land to obtain payment of their claims from its proceeds. And upon that assumption the petitioners were not necessary parties to the judicial accounting. (*Sayles* v. *Best*, 140 N. Y. 368.)

But this evidently was not the view of the surrogate. He treated the power of sale as not thus limited, and concluded that by the will there was a conversion of the real estate into personalty. For that reason the decree declared that those claims were valid and subsisting liens upon the estate, and directed the executor to pay them. The estate referred to in the decree was none other than that furnished by the land before mentioned. Such determination and direction declared by the decree gave the petitioners a standing, which enabled them to seek relief against it. (*Matter of Flynn*, 136 N. Y. 287.) And there are matters alleged in the verified petition justifying the opening of the decree of the Surrogate's Court. Charles Tillman does not appeal. And as it is not claimed in behalf of appellants that any claim of the creditors can be effectually asserted against the land in question upon the idea that it can be treated as personalty there is no occasion to consider that question on this review.

The order opening the decree was authorized by the statute (Code Civ. Proc. § 2481) and was properly granted.

The order should, therefore, be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.