In the Matter of the Estate of JOSEPHINE PATTERSON (Otherwise Known as JOSEPHINE WEST), Deceased.

Upon the death of J. letters of administration were issued to P. upon her estate, upon his petition, in which he alleged that he was J.'s surviving husband. No notice was given to the next of kin, and there was no appearance by them. P. filed his account, which was settled by the surrogate, who awarded payment of the whole surplus to him as husband. Subsequently the next of kin filed a petition alleging that P. was never married to J. and asking to have the decree on the accounting set aside and the assets paid over to them. The evidence showed and the surrogate

found that P. never had been the husband of the intestate and ordered that the letters of administration and the decree be revoked and vacated. On appeal the General Term reversed that portion of the surrogate's order which revoked the letters, on the sole ground that no such relief was asked for, but affirmed that portion vacating the decree. On appeal here it was claimed by P. that the unrevoked letters were conclusive proof of P.'s title as husband. *Held*, untenable; that while the unrevoked order appointing P. as administrator was conclusive as to his authority to act there was no estoppel making the reason which led to the granting the order a fact conclusively established as against the next of kin, who were not notified and did not appear; that they could waive their right to attack the order, and it could stand consistently with the relief asked for and granted.          ◊

*Hankin* v. *Turner* (L. R. [10 Ch. Div.] 372); *Porter* v. *Purdy* (29 N. Y. 106); *Caujolle* v. *Ferrié* (13 Wall. 465); *In re Roderigas* (63 N. Y. 460); *Bolton* v. *Schriever* (135 id. 65), distinguished.

Reported below, 79 Hun, 371.

(Argued May 24, 1895 ; decided June 11, 1895.)

APPEAL from part of an order of the Special Term of the Supreme Court in the first judicial department, made June 15, 1894, which reversed a decree of the surrogate of the county of New York so far as it vacated letters of administration of the estate of Josephine Patterson, deceased, to William H. Patterson, and affirmed said decree so far as it vacated a decree of said court passing and settling the accounts of said William H. Patterson as such administrator.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*William H. Hamilton* for appellant. The issuance of the letters to Patterson was an adjudication that he was the husband of the decedent, and until they are first revoked by a direct proceeding for that purpose it remained *res adjudicata* in this proceeding to vacate the decree judicially settling his accounts, and to obtain a distribution of the estate by Patterson as administrator. (Code Civ. Pro. §§ 2591, 2660, 2662, 2685 ; 1 Greenl. on Ev. § 525 ; *Hankins* v. *Turner*, L. R. [10 Ch. Div.] 372 ; *Porter* v. *Purdy*, 29 N. Y. 106 ; *Van Steenburgh* v. *Bigelow*, 3 Wend. 42 ; *Caujolle* v. *Curtiss*, 13 Wall. 465 ; *Carroll* v. *Carroll*, 60 N. Y. 121 ; *James* v. *Adams*, 22

How. Pr. 409; *Sheldon* v. *Wright*, 5 N. Y. 482; *Roderigas* v. *E. R. S. Inst.*, 63 id. 460; *Bolton* v. *Schriever*, 135 id. 65; *Plume* v. *H. S. Inst.*, 46 N. J. L. 211.) The petitioner had no interest in the estate, and could have no standing as a party. (Code Civ. Pro. §§ 2487, 2647; *In re Peaslee*, 73 Hun, 113.) But conceding the appellant's status as husband was open to attack in this collateral proceeding the decisions of the lower courts on the question of marriage, were against settled rules of law and in the face of the undisputed evidence in the case. (*Is re Harriott*, 145 N. Y. 540; *Rose* v. *Clark*, 8 Paige, 573; *Badger* v. *Badger*, 88 id. 546; *Clayton* v. *Wardell*, 4 id. 230; *Hines* v. *McDermott*, 91 id. 451; *Wilcox* v. *Wilcox*, 46 Hun, 37; *Hill* v. *Burger*, 3 Bradf. 432; *In re Christie*, 1 Tucker, 81; *Jackson* v. *Claw*, 18 Johns. 346; *Fenton* v. *Reed*, 5 id. 52; 2 Rice on Ev. 998; *Wilkinson* v. *Payne*, 4 T. R. 468; *Piers* v. *Piers*, 2 H. L. Cas. 331; 13 Jur. 569; *Rex* v. *Twyning*, 2 Barn. & Ald. 386; *Harrod* v. *Harrod*, 1 Kay & J. 4; 18 Jur. 853; *Goodman* v. *Goodman*, 5 Jur. [N. S.] 902; 28 L. J. Ch. 745; *Sichel* v. *Lambert*, 15 C. B. [N. S.] 181; 1 Greenl. on Ev. §§ 105, 200; *Gall* v. *Gall*, 114 N. Y. 109. The order of the General Term is appealable to this court. (*Libbey* v. *Mason*, 112 N. Y. 525; *In re Tilden*, 98 id. 434; *In re Flynn*, 136 id. 287.)

*Edmund Luis Mooney* for respondent. The courts below had power to revoke, for fraud, the decree judicially settling the appellant's accounts, as administrator, while allowing the letters of administration, issued to appellant, to remain in full force. (Code Civ. Pro. §§ 2472, 2473, 2481, 2591, 2660, 2661, 2666, 2730, 2743; *Knox* v. *Nobel*, 77 Hun, 230; *In re Underhill*, 117 N. Y. 471, 475; *In re Verplanck*, 91 id. 439, 450.) None of the exceptions to the admission or exclusion of testimony was well founded. (Code Civ. Pro. § 2545; *Chamberlain* v. *Chamberlain*, 71 N. Y. 423; *Hill* v. *Burger*, 3 Bradf. 432, 449.)

FINCH, J. Upon the death of the intestate, letters of administration were granted to Patterson as her surviving husband.

They issued upon his petition asserting that relation as his title and the foundation of his right, but without notice to the next of kin, or any appearance by them. At a later period he filed his account, and the same was settled by the surrogate awarding payment of the whole surplus to him as husband. Thereafter the next of kin filed a petition, alleging that he was never in any manner married to the deceased, but had obtained the whole estate by the false assertion of a husband's right, and asked to have the decree on the accounting and for distribution vacated and set aside, and that the assets in the hands of the administrator be paid over by him to the next of kin. The surrogate determined, and the evidence before him fully justified the conclusion, that Patterson was not and never had been the husband of the intestate, but lived with her only in a meretricious relation, and that, therefore, the letters of administration and the decree for distribution were each obtained by fraud and falsehood and should be revoked and vacated. An order to that effect was entered, but on appeal to the General Term so much of it as revoked the letters was reversed for the sole reason that the proceeding was not framed for such relief. The vacating of the decree for distribution was affirmed, and it is now said that such affirmance was error, because the unrevoked letters were conclusive proof of Patterson's title as husband and must uphold the decree of distribution until themselves vacated in a proper direct proceeding. That presents the sole question on this appeal. The appellant's argument is that the next of kin claim under and in affirmance of the order appointing Patterson administrator and cannot, therefore, at the same time attack it collaterally. But they do not attack it at all. They admit and recognize the authority of Patterson as administrator, and concede that the order unrevoked is conclusive proof of that authority. The Code gives such effect to the order, and, admitting its force, they ask that the lawful administrator make an honest and lawful distribution. There is no inconsistency in their position, for the order is not conclusive upon the reasons and facts, not jurisdictional, which.

led to it as against parties not cited, not appearing, and who have in no mannêr been heard in respect to them. The order does not fall, is not revoked, or even shaken in its authority by proof in the proceeding for distribution that Patterson never was, in fact, husband. There is no estoppel which goes behind it and makes the reason which led to it a fact conclusively established in a case where the next of kin were neither notified nor appeared. A creditor may be appointed where it appears that there is no next of kin. On his accounting can it be that the next of kin actually existing may not assert their right to distribution and contest the validity or amount of the creditor's debt? For them the question who shall distribute may be quite immaterial and induce a waiver of the prior right which might be enforced, but such waiver would be fatal if by it the question to whom distribution should be made is finally foreclosed. I can see no reason for such a doctrine. There is no attack upon the order granting the letters either collateral or direct. On the contrary, it may stand consistently with the relief asked. None of the cases cited by the appellant establish the doctrine for which he contends. Most of them were obviously cases in which the relief sought necessarily required the vacating or destruction of the prior order as in *Hankin* v. *Turner* (L. Rep. [10 Ch. Div.] 372), in which the suit was for administration, and the relief involved a vacating of the order of the Probate Division. *Porter* v. *Purdy* (29 N. Y. 106) states the familiar rule that an adjudication cannot be destroyed by a mere collateral attack. In *Caujolle* v. *Ferrié* (13 Wall. 465) there was a judgment of a state court in a suit for administration involving the question who was next of kin, in which all parties had been heard, and it was held conclusive. In the *Roderigas* case (63 N. Y. 460) it was a jurisdictional fact which was sought to be disproved to the necessary destruction of the order founded upon it. Here no jurisdictional fact was assailed, nor was the order founded upon it attacked or questioned. In *Bolton* v. *Schriever* (135 N. Y. 65) the plaintiffs in ejectment claimed

as heirs at law and could only succeed by annulling the probate of a will carrying the estate elsewhere, and sought to do so by contradicting the fact of inhabitancy. Obviously none of these cases furnish the rule in the one before us, for here the order may stand, and is left to stand, consistently with the relief granted.

What is said as to the conduct of the next of kin in so long postponing their attack will assume importance if the sureties of Patterson are sued, but is at present immaterial.

We see no reason for disagreement with the General Term and its order should be affirmed, with costs.

All concur.

Order affirmed.