### In re TILDEN'S WILL.

(Supreme Court, Appellate Division, First Department. December 31. 1900.)

1. APPEAL—OPENING SURROGATE'S DECREE.

   An appeal will lie to the supreme court from a surrogate's refusal to open a decree, though it is within his discretion.

2. SAME—MOTION TO VACATE.

   Code Civ. Proc. § 2481, authorizes the surrogate to open a decree for newly-discovered evidence or other sufficient cause. Section 2617 provides that if any person interested in sustaining or defeating a will shall not have appeared in the probate proceedings, and shall not have been notified, a decree therein shall not affect his interest. Section 2509 declares that any person interested in any estate affected by a surrogate's decree, who was not a party, may intervene and appeal; and section 2586 directs that, where an appeal is taken on the facts, the appellate court may decide the question of fact, and may receive further testimony. Held, that where a codicil executed in Arizona, but not with the formalities required in New York, is refused probate, a party interested therein, who was not cited to appear, cannot have the decree opened on motion made before the time for appeal expired, since, as the appellate court could decide as to the requirements of the Arizona law, there was no necessity for the motion to protect applicant's rights.

Appeal from order of surrogate, New York county.

Application by the Havens Relief-Fund Society to open a decree denying probate to a codicil to the will of William Tilden, deceased.

From an order denying the application (66 N. Y. Supp. 175), applicant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Charles M. Bleecker, for appellant.

Harry E. Newell, for respondent.

RUMSEY, J. On the 7th of December, 1899, there was made in the surrogate's court of the county of New York a decree admitting to probate the will of William Tilden, and refusing probate to a paper which had been propounded as a codicil to that will. This proceeding was regular. All of the parties required by section 2615 of the Code of Civil Procedure were cited to appear, and the evidence was sufficient to warrant the decree which was made. The codicil of which probate was refused was executed in the state of Arizona, but not with the formalities required by the law of this state. It was not made to appear what the requirements in the state of Arizona were upon that point. After the decree had been made, and before the time to appeal expired, the appellant here, the Havens Relief-Fund Society, made a petition that the decree be opened by the surrogate so far as it denied probate to the codicil. Citations were issued upon that petition. The defendant Costello, who alone was interested, appeared and opposed it, and the surrogate denied it, and from the order denying it this appeal is taken.

The power of the surrogate to open a decree is derived entirely from section 2481 of the Code of Civil Procedure, which authorizes him to open a decree or grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause. In re Hawley, 100 N. Y. 206, 3 N. E. 68; In re Flynn, 136 N. Y. 287, 32 N. E. 767. Whether he will open the decree or not is a matter in his discretion, but from the exercise of that discretion an appeal undoubtedly lies to this court. Story v. Dayton, 22 Hun, 450. We are of opinion that the discretion was properly exercised in this case. By section 2617 of the Code, the appellant was at liberty to come in and be heard in the proceeding before the surrogate for the probate of the will and codicil, if it desired to do so. After the decree of the surrogate had been made, refusing to admit the codicil to probate, the appellant was at liberty to appeal from that part of it. Code Civ. Proc. § 2569. While the appeal would undoubtedly have raised a question of fact as to what were the requirements of the law of Arizona with respect to the execution of wills of real property, yet that fact might have been proved upon the appeal, and this court would have the same power to decide it that the surrogate had. Code Civ. Proc. § 2586. It is quite clear, therefore, that there was no necessity for making this motion to protect the rights of the appellant. As no evidence was given before the surrogate as to what the law of Arizona was, undoubtedly he was right in refusing to admit the codicil to probate. He could only have been asked to open this decree upon the ground of newly-discovered evidence; but the appellant here makes no proof

which would warrant opening the decree upon that ground. It does not appear that the appellant was not aware of what the law of Arizona was, and certainly there could have been no difficulty in procuring evidence of that fact, and presenting it to the surrogate.

There is no reason, therefore, why the surrogate should have come to any other conclusion than he did in the exercise of his discretion, and the order appealed from must be affirmed, with costs.

PATTERSON, J., concurs.   VAN BRUNT, P. J., concurs in result.

INGRAHAM, J.   I concur in the affirmance of this order, as I do not think that the surrogate had any power to set aside the decree for the purpose of allowing one not a party to the proceeding to come in and introduce evidence as to the validity of the codicil. The appellant was never a party to the proceeding, and it is difficult for me to see upon what principle a person not a party could move to set aside a decree regularly made, for the purpose of allowing him to be made a party to retry the issues settled by the decree. The power of the surrogate, under section 2481 of the Code of Civil Procedure, is, as I view it, only to be exercised on behalf of a person who is a party to the proceeding, and not in favor of one not a party. As this appellant was not a party, I do not think he was bound by the decree. No notice was served under section 2617 of the Code. Section 2626 does not apply. That section provides that "a decree admitting to probate a will of personal property, made as prescribed in this article, is conclusive as an adjudication upon all the questions determined by the surrogate pursuant to this article, until it is reversed upon appeal or revoked by the surrogate." But it seems to me clear that this provision only applied to the decree so far as it admitted the will to probate, and not to that portion of the decree which refused to admit the codicil to probate. There is no provision which makes a decree refusing to admit a will to probate binding upon any one not a party to the proceeding. It would appear, therefore, that as the appellant was not a party to the proceeding, and was not bound by the decree, he could again present the codicil, under section 2614 of the Code, for probate, and have the question of its proper execution and validity determined.

Nor do I think that, even if this appellant had knowledge of the existence of this codicil, it was bound to appear and become a party to the proceeding, or to be bound by the decree. There is certainly no provision of the statute that I know of that imposes such a burden. If any of the parties to the proceeding had wished to bind this appellant, it could have been made a party, under section 2617 of the Code; but that section expressly provides that it does not affect the right or interest of such person, unless he becomes a party.

For the reason that the surrogate had no authority to set aside this decree on the application of a person not a party to the proceeding when the decree was made, I concur in the affirmance of the order.

HATCH, J., concurs.
  67 N.Y.S.—56