## In re CONNELL'S WILL.

(Surrogate's Court, New York County.  August 22, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 518*)—ANCILLARY ADMINISTRATION—VACATION—GROUNDS.

Where the granting by the surrogate of a county of ancillary administration was based on the probate of the will of a decedent by a court of a foreign country, of which decedent was not a resident, but was a resident of such county, thereby rendering the foreign proceedings insufficient, heirs of decedent, not parties to the foreign proceedings and injuriously affected thereby, were entitled to relief by the surrogate vacating the decree, as authorized by Code Civ. Proc. § 2481, subd. 6, and section 2702.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299–2309; Dec. Dig. § 518.*]

2. EXECUTORS AND ADMINISTRATORS (§ 518*)—ANCILLARY ADMINISTRATION—VACATION—GROUNDS.

Where the heirship of persons, alleging heirship of a decedent and praying for the vacation of ancillary administration, based on the probate of the will of decedent by a court of a foreign country, of which decedent was not a resident, is denied, before the granting of any relief, the issue must be determined, and a reference to take evidence and report, with the opinion of the referee, will be ordered.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299–2309; Dec. Dig. § 518.*]

In the matter of the application to probate the will of Elizabeth Connell, deceased. On motion of persons claiming to be heirs at law and next of kin of deceased to vacate an order granting ancillary administration.  Reference ordered.

William Schuyler Jackson and Roger Foster, both of New York City, for the application.

Geller, Rolston & Horan, of New York City, opposed.

FOWLER, S.  This matter comes before the surrogate upon motion of several persons, claiming to be heirs at law and next of kin of Elizabeth Connell, deceased, to vacate the order and decree of my predecessor, made herein on the 2d day of November, 1910, directing the recording of papers purporting to be the will of the deceased and admitted to probate in the Dominion of Canada, and also granting ancillary letters testamentary to the Farmers' Loan & Trust Company, a corporation of this state.  One of such motions is made by a resident of this state, and the other by a resident of the state of Michigan.

The proceeding under which the decree in question was made and the ancillary letters issued was taken under sections 2695 and 2696, Code of Civil Procedure, and on the case therein shown the surrogate for this county made the decree now complained of, pursuant to which the Farmers' Loan & Trust Company was entitled to receive and did receive the letters ancillary sought in such proceeding to be obtained.  The regularity of such decree is now challenged. It is claimed and alleged by the moving parties, neither of whom ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

peared in or was a party to the proceedings in Canada or in this county, that Elizabeth Connell was not a resident of the Dominion of Canada at the time of her death, but that she then was in truth and in fact a resident of the city and county of New York, and that she had proceeded to Canada, not animo manendi, but animo revertendi, and that she never acquired a domicile in the foreign dominion in question.

It is now also alleged or stated under oath by the promovents, or movers of the motion to vacate the decree in question, in substance that the estate of Elizabeth Connell is within this jurisdiction, and never was in the Dominion of Canada. It is further alleged in substance by the moving parties that the paper purporting to be the will of Elizabeth Connell and the proceedings had thereon within the Dominion of Canada are irregular, null, and void. It would appear from such allegations that the paper purporting to be the will of Elizabeth Connell was attempted to be made before a notary in the province of Quebec, in the Dominion of Canada. It is apparently what is known as an olographic and not a nuncupative testament, dictated to a notary in the presence of witnesses, one of whom was the parish priest of St. Croix de Dunham, in the district of Dunham and province of Quebec. Such testaments are very common in countries where the civil law or some modern manifestation of it prevails. That it does not conform with our law or customs is at present immateral and not the question. But it is also alleged in substance that the paper purporting to be the last will and testament of Elizabeth Connell never was in truth and in fact submitted to any probate court or court of like jurisdiction in the Dominion of Canada, and that no regular adjudication on the contents of such paper ever has been had in that Dominion, so as to entitle the court of the surrogate to grant its ancillary process, based on an authenticated foreign document or probate.

[1] It is apparent, I think, that the moving parties in this court were not parties to any of the acts or proceedings in Canada, nor were they cited or heard on the ancillary proceedings in this court. If at the time of her death Elizabeth Connell was not in truth and in fact a resident of the Dominion of Canada, but then was a lawful resident of this county of New York, and if the foreign proceedings on her will are wholly insufficient to afford a basis for authentication, as is alleged, it may be that the proper place of original probate of the instrument purporting to be the will of Elizabeth Connell will be found to be the place of her lawful residence, where those claiming as her heirs at law and next of kin may be cited and heard. But on this point, also, I reserve my opinion, as her domicile is at present indeterminate. Certainly, if the claim of the moving parties is substantiated, the filing of the alleged testamentary papers in this jurisdiction and the granting of ancillary process or letters thereof may be irregular, and as a consequence those whose rights are adversely affected by the decree may be given adequate relief by this court. Section 2481, subdiv. 6, and section 2702, Code Civ. Proc.; Matter of Flynn, 136 N. Y. 287, 32 N. E. 767; Matter of Patterson, 146 N. Y.

327, 40 N. E. 990; Matter of Regan, 167 N. Y. 338, 343, 344, 60 N. E. 658; Matter of Gall, 182 N. Y. 270, 74 N. E. 875.

[2] I have spoken with intentional reserve on any question concerning the jurisdiction of the foreign· tribunal, or the regularity of the alleged act of testamentation, or the sufficiency of the authentications· upon which the decree granting the ancillary letters· was made, because the claims of the moving parties are not admitted by the answer of the Farmers' Loan & Trust Company. The ancillary executor denies that the moving parties are the heirs at law or next of kin of Elizabeth Connell. This issue should be settled before the question of the domicile of Elizabeth Connell, or the regularity of her testament and of the foreign proceedings thereon, or the subsequent domestic and ancillary proceedings, are drawn into question. In the event that the moving parties fail to establish the truth of their allegation that they are the heirs at law or next of kin of Elizabeth Connell, they will not be entitled to be heard in this court on the sufficiency of the authentication of the papers upon which the decree granting the ancillary letters was made. Upon the issue of heirship there must be a reference to take the evidence and report with the opinion of the referee.

The moving parties are here asking also for the probate of the will in this jurisdiction and the appointment of a temporary administrator. Such matters are not now properly before the surrogate, and they cannot be made the subject of consideration at this time upon this application.

Further orders herein will be in accordance with this direction.