In the Matter of the Judicial Settlement of the Accounts of J. Lee Humfreville, One of the Executors of the Estate of Mary J. Havemeyer, Deceased.

Edward Kent and William R. Wilcox, as Executors, etc., of Mary J. Havemeyer, Deceased, Appellants, *v.* J. Lee Humfreville, Respondent.

*Executors and administrators — commissions awarded to an executor subsequently removed — the remedy is by appeal, not by motion — it is not an "error in fact not arising upon the trial."*

Where a surrogate has refused, on an application therefor, to remove an executor, and his decision is subsequently reversed upon appeal, but in the meantime the executor has accounted and has been allowed his commissions, the remedy is by appeal and not by motion.

Subdivision 6 of section 2481 of the Code of Civil Procedure, giving a surrogate power to vacate or modify his decree for "fraud, newly-discovered evidence, clerical error or other sufficient cause," does not apply to such a case.

Even were the power of the surrogate, under section 2481 of the Code of Civil Procedure, analogous to that of a court of record, under section 1283 of the Code of Civil Procedure, permitting the court to vacate or modify, in case of "error in fact not arising upon the trial," it would not cover the case, as here the error in question did arise upon the trial, on which the surrogate must have decided that the executor had not been guilty of any misconduct forfeiting his commissions.

APPEAL by Edward Kent and William R. Wilcox, as executors, etc., of Mary J. Havemeyer, deceased, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 7th day of July, 1896, denying their motion to modify a decree of said court, entered on the 7th day of March, 1896, by striking out the provision for an allowance of commissions to J. Lee Humfreville, the third executor of said estate.

On January 27, 1896, a decree was made by Surrogate ARNOLD in a proceeding brought by all the persons interested in the estate of Mary J. Havemeyer, refusing to remove Mr. Humfreville as executor. On appeal this decree was reversed by an order made April 17, 1896, which removed the executor. In the meantime, on March 17, 1896, a decree was made settling the accounts of Mr. Humfreville, from July 15, 1892, to September 5, 1893, and allowed him commissions. In view of the removal this application was made to strike this item from the decree.

*Henry H. Whitman,* for the appellants.

*Abram Kling,* for the respondent.

PER CURIAM:

By subdivision 6 of section 2481 of the Code the surrogate is given power to vacate or modify his decree for "fraud, newly-discovered evidence, clerical error, *or other sufficient cause.*" The appellants rely upon the last ground. It has been held that the section was intended to cover only those cases where relief could not be had by appeal or action to set aside the decree. (*Matter of Tilden,* 98 N. Y. 434.) It would seem, in this case, that a remedy

existed for the appellants in an appeal from the decree awarding the commissions. They might, in that proceeding, have offered evidence of Mr. Humfreville's misconduct and consequent forfeiture of his right to commissions, and, if the surrogate failed to give this evidence proper effect, have appealed and obtained a reversal.

(The fact that an executor is not entitled to his commission till allowed by the surrogate, plainly indicates an intention that the surrogate should review his conduct in the accounting.) .

The only answer of the appellants is, that it would have been unfair to Surrogate FITZGERALD, who made the decree in the accounting proceedings, to appeal from that decree, since he made it relying upon Surrogate ARNOLD's decision, in the other proceeding, that Humfreville had not been guilty of misconduct. There is no force in the suggestion. Surrogate FITZGERALD was bound to act upon the evidence adduced before him. If the appellants adduced none, they have only themselves to blame.

It is said that the power of the surrogate under section 2481 is analogous to that of a court of record under section 1283 (*Tilden* case), and that the latter section permits the court to vacate or modify in case of " error in fact not arising upon the trial." The error here, however, plainly did arise upon the trial. Surrogate FITZGERALD thought that Humfreville had been guilty of no misconduct, either because no evidence of misconduct was advanced, or because he misconstrued the effect of what was given. This error, if it was the surrogate's, was to be remedied by appeal, and by appeal only.

The order should be affirmed, with ten dollars costs and disbursements.

Present — BARRETT, RUMSEY, PATTERSON and INGRAHAM, JJ.

Order affirmed, with ten dollars costs and disbursements.