(8 App. Div. 312)

### In re HAVERMEYER'S ESTATE.

### In re HUMFREVILLE.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

DECREE OF SURROGATE—MODIFICATION.

　　Error in allowing commissions to an executor may be corrected by appeal from the decree, and therefore a modification of the decree by the surrogate by striking the allowance of the commissions is not authorized by Code Civ. Proc. § 2481, subd. 6, which provides that the surrogate may modify his decree for "fraud ＊ ＊ ＊ or other sufficient cause."

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of J. Lee Humfreville, one of ⁄ the executors of the will of Mary J. Havermeyer. On January 27, 1896, a decree was made refusing to remove Mr. Humfreville as executor. On appeal this decree was reversed. 38 N. Y. Supp. 292. In the meantime, on March 17, 1896, a decree was made settling the accounts of Mr. Humfreville from July 15, 1892, to September

5 1893, and allowing him commissions. From an order denying a motion to modify the decree of the surrogate by striking out the allowance of commissions to the accounting party the other executors appeal. Affirmed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Henry H. Whitman, for appellants.
Abram Kling, for respondent.

PER CURIAM. By subdivision 6 of section 2481 of the Code the surrogate is given power to vacate or modify his decree for "fraud, newly-discovered evidence, clerical error, or other sufficient cause." The appellants rely upon the last ground. It has been held that the section was intended to cover only those cases where relief could not be had by appeal or action to set aside the decree. In re Tilden, 98 N. Y. 434. It would seem in this case that a remedy existed for the appellants in an appeal from the decree awarding the commissions. They might, in that proceeding, have offered evidence of Mr. Humfreville's misconduct and consequent forfeiture of his right to commissions, and, if the surrogate failed to give this evidence proper effect, have appealed, and obtained a reversal. (The fact that an executor is not entitled to his commission till allowed by the surrogate plainly indicates an intention that the surrogate should review his conduct in the accounting.) The only answer of the appellants is that it would have been unfair to Surrogate Fitzgerald, who made the decree in the accounting proceedings, to appeal from that decree, since he made it relying upon Surrogate Arnold's decision in the other proceeding that Humfreville had not been guilty of misconduct. There is no force in the suggestion. Surrogate Fitzgerald was bound to act upon the evidence adduced before him. If the appellants adduced none, they have only themselves to blame. It is said that the power of the surrogate under section 2481 is analogous to that of a court of record under section 1283 (Tilden's Case), and that the latter section permits the court to vacate or modify in case of "error of fact not arising upon the trial." The error here, however, plainly did arise upon the trial. Surrogate Fitzgerald thought that Humfreville had been guilty of no misconduct, either because no evidence of misconduct was advanced, or because he misconstrued the effect of what was given. This error, if it was the surrogate's, was to be remedied by appeal, and by appeal only.

The order should be affirmed, with $10 costs and disbursements.