(Surrogate's Court, Franklin County. November, 1898.)

1. TRANSFER TAX—REFUNDING OF PAYMENTS—LIMITATIONS.

Code Civ. Proc. § 1290, providing that motions to set aside final judgments for errors in fact not arising on the trial must be made within two years after the filing of the judgment roll, does not apply to an application by an executor for a refunding of a transfer tax.

2. SAME—PRACTICE—APPEAL.

Laws 1896, c. 908, § 225, providing that where a transfer tax has been erroneously paid the comptroller may refund the amount, does not obligate an executor to appeal from the order fixing the tax.

Motion by the executor of the estate of Harriet A. Sherar, deceased, founded on petition and notice to the county treasurer and comptroller, for a refunding of part of the transfer tax paid on said estate. Granted.

Cantwell & Cantwell, for the motion.

BEMAN, S. The amount of this tax was fixed by order of the surrogate on the 5th day of June, 1895, upon the supposition that the property belonging to said estate amounted to $4,750. It now appears satisfactorily to the surrogate, and it is not questioned nor disputed by the comptroller or county treasurer, that the estate was only worth $912.59, and that a mistake was made in fixing the valuation at $4,-750. The reason for the discrepancy is that certain notes which were owned by the deceased, and were held by the executor at the time the transfer tax was fixed, were worthless and uncollectible; which fact was not known to the executor or to the surrogate at the time the tax was fixed, it being believed that the signers of the notes would pay them. It also satisfactorily appears to the surrogate that the notes never were good, and therefore justice requires that the sum of $191.88 should be refunded to the executor, unless there is some statutory bar to the executor obtaining such relief. I have carefully examined the brief submitted by the honorable comptroller, but am of the opinion that the authorities therein cited do not show sufficient provision for denying the application. The comptroller cites section 1290 of the Code, and claims that the executor's motion should be made within two years, and, if not made within that time, it is barred by said statute. I think section 1290 refers to a contested action between parties in a court, as is shown by the use of the words "final judgment" and "judgment roll." The words "not arising upon the trial" pretend to show that this section is not applicable. A trial presupposes introduction of common-law evidence, and not such a proceeding as the fixing of a transfer tax. The order of the surrogate fixing the tax was in no sense a judgment roll. Section 1237 of the Code directs what the judgment roll should consist of. Again, this section of the Code does not refer to proceedings in surrogate's court, which are fully treated and considered in a subsequent section of the Code. I am of the opinion that the statutes of 1896 and 1897 applicable to the transfer tax give the petitioner ample relief.

Section 225 of chapter 908 of the Laws of 1896 provides that when a tax shall have been erroneously paid into the state treasury it shall be

lawful for the comptroller, upon satisfactory proof of the facts presented to him, to require the amount of such erroneous payment to be refunded to the executor, and that all applications for such refunding be made within five years. It is perfectly apparent from this section that it was not intended that there should be any two years' limitation, or that the executor was obliged to appeal from the order fixing the tax, as a litigant would be obliged to appeal from a judgment. In 1897 the legislature greatly enlarged the powers of the surrogate, and gave the surrogate additional jurisdiction and discretion, by amending said section 225. This amendment is found in section 4 of chapter 284 of the Laws of 1897. This act provides, substantially, that the surrogate may modify and reverse such decree on due notice to the comptroller. The act provides that no application for refunding shall be made after one year from such reversal or modification, which is the only limitation in the act. There being, then, no statutory bar to prevent the surrogate doing justice between these parties, the order should be granted.

Order granted.