(Surrogate's Court, Franklin County. December, 1899.)

1. DECEDENT'S ESTATE—REASSESSMENT FOR TRANSFER TAX.
   A surrogate has authority to allow an assessment of a decedent's estate, for purpose of a transfer tax, to be opened for the purpose of showing an excessive valuation of the assets.

2. SAME—NOTICE.
   A decree reducing an assessment of a decedent's estate and the transfer tax, being without notice to the state comptroller and county treasurer, will be vacated.

In the matter of the estate of Alfred Fulton, deceased. William J. Morgan, comptroller of the state of New York, petitions to vacate a decree making a reassessment of the transfer tax on legacies, and to restore a previous assessment thereon, and gives notice of appeal. Petition granted.

Potter & Kellogg, for comptroller.
Badger & Cantwell, for executor.

BEMAN, S. The assessment of the transfer tax in the above-entitled matter, upon an appraisal made by me as surrogate of the county of Franklin, on the 11th day of May, 1899, was superseded by a subsequent assessment or reassessment and reconsideration of the matters involved, upon the application in writing of the executor of the last will and testament of said Alfred Fulton, deceased, properly verified, in which it appeared that certain securities held and possessed by deceased, and forming part of his estate, had been appraised, not only by the appraisers appointed by the surrogate to make an inventory of the personal property of said deceased, but by the surrogate in assessing the amount of the transfer tax for which said estate was liable, under chapter 908 of the Laws of 1896 and the amendments thereto. In reopening the original assessment, and in permitting the executor to show an assessment in excess of the actual market value of the assets, I consider that my action was in strict compliance with the laws controlling surrogates' courts, and granting authority in a general way to such judicial officers, as well as under the law just above cited, and I also deemed it in the interest of justice and equity that, if an excessive valuation had been placed upon the assets of a deceased, the executor, before paying the amount of tax, should have an opportunity to be heard upon the question of such valuation. With these views controlling my mind, I permitted an application to be made ex parte for such purpose, at a time before the expiration of the time pro-

vided by law for any parties affected by the action to appeal, and upon such application, in the interest of justice and equity, made a subsequent or supplemental decree, reducing the assessment upon said personal property in the sum of $12,000, thereby reducing the amount of tax necessary to be paid upon such assessment in the sum of $120. It is contended by the petitioner and appellant that such action on my part was not within the authority conferred by chapter 908 of the Laws of 1896, nor by any general law conferring authority upon surrogates in the matter of the estates of deceased persons. While I do not agree with the contention raised by the learned counsel representing petitioner and appellant, I am satisfied that, under recent decisions of the appellate division, one of which only it is necessary for me to cite, namely, In re Schermerhorn's Estate, 38 App. Div. 350, 57 N. Y. Supp. 26, it is my duty to grant the prayer of the petitioner, and vacate the decree made and entered by me on the 23d day of May, 1899, without notice to the comptroller and the county treasurer, reducing said assessment and tax as herein stated, and restoring to its full effect, force, and operation the like decree made on the 11th day of May, 1899, assessing the tax on said estate at $1,020; but in view of the fact that counsel for the executor withdraws his objections to said action, and consents to such disposition of this matter, it is so adjudged and decreed, without costs, however, to either party.

Decree vacated, without costs.