WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred; GOOD-RICH, P. J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion for preliminary injunction granted; order to be settled before Mr. Justice BARTLETT.

---

In the Matter of the Appraisal under the Transfer Tax Acts of the Property of JOSEPH L. LOWRY, Deceased.

NATHAN L. MILLER, as Comptroller of the State of New York, Appellant; CORNELIUS FURGUESON and Others, as Trustees under the Last Will and Testament of JOSEPH L. LOWRY, Deceased, Respondents.

*Surrogate's appraisal of a decedent's real property — when a decree fixing its value may not be modified because it subsequently sells for a less sum at auction.*

Where a surrogate, on an appraisal of a testator's real estate for the purposes of the transfer tax, fixes the value thereof at $200,000 in accordance with an estimate given by one of the trustees under the will whose testimony showed a familiarity with values in the locality where the property is situated sufficient to qualify him as an expert, the fact that some months later the decedent's real estate is sold fairly and in good faith at public auction for the sum of $103,050, will not, of itself, justify the surrogate in modifying the decree made in the transfer tax proceeding by reducing the valuation to the sum realized on the auction sale.

Even if the surrogate has jurisdiction to modify a decree for an error of this character, it should not be exercised except in cases where the overvaluation is much more conclusively established.

*Semble*, that the overvaluation constituted an error of fact arising upon a trial and hence was not within the purview of section 1283 of the Code of Civil Procedure, which is made applicable to Surrogates' Courts by section 2481 of that Code, authorizing a court to set aside a judgment for an error of fact not arising upon a trial.

*Quære*, whether the Surrogate's Court may, in any case, modify a decree because of an error of fact arising upon a trial or hearing.

APPEAL by Nathan L. Miller, as Comptroller of the State of New York, from an order of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 6th day of July, 1903, vacating a previous order, entered in said Surrogate's Court, assessing a transfer tax upon the estate of Joseph L. Lowry, deceased, and remitting the appraiser's report to said appraiser for revision and correction.

*Leonard B. Smith,* for the appellant.

*Charles H. Kelby,* for the respondents.

WILLARD BARTLETT, J. :

On the appraisal of the decedent's real estate, for the purposes of the transfer tax, its value was fixed by the appraiser at $200,000. This was the estimate given at the time by Cornelius Furgueson, one of the trustees under the will, whose testimony showed a familiarity with values in the locality where the property is situated sufficient to qualify him as an expert. The appraiser's report was approved by the Surrogate's Court on December 30, 1902. In April of the following year the decedent's real estate in question was sold fairly and in good faith at public auction for the aggregate sum of $103,050. Acting evidently on the assumption that this sale was better proof of the actual value of the lands than the expert evidence of the trustee upon which he made his decree, and expressly holding that a mistake of fact had been made in fixing the value of the said real property at $200,000, the learned surrogate modified the original decree and report of the appraiser by reducing the valuation to about the sum realized at the auction.

Under the Transfer Tax Law the Surrogate's Court may do any act in relation to such a tax " authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction " (Laws of 1896, chap. 908, § 229) ; and in such matters or proceedings he may open, vacate, modify or set aside, or enter as of a former time, a decree of his court; or may grant a new trial or hearing for fraud, newly-discovered evidence, clerical error or other sufficient cause. (Code Civ. Proc. § 2481, subd. 6.) The section of the Code cited further provides that the

powers conferred by said subdivision 6 are to be exercised only in a like case and in the same manner as a court of general jurisdiction exercises the same powers. This includes the power to modify or set aside a decree for error in fact not arising upon the trial. (Code Civ. Proc. § 1283.) Indeed it is said in *Morgan* v. *Cowie* (49 App. Div. 612): "The authority of a court to modify its own decrees for an error in fact, newly-discovered evidence, or any cause extrinsic of the record, is an inherent one and is vested in every court with such restrictions as the Legislature has seen fit to impose."

Inasmuch as the learned surrogate has expressly based the modification of his original decree upon "a mistake of fact" in the appraisal which he approved, the principal question to be considered upon the present appeal is whether the errors of fact for which a court of original jurisdiction has power to vacate or modify its judgments include the determination of a question of value on the trial or hearing, which determination, although made on competent evidence, appears to have been erroneous in the light of events which have occurred since it was made — I do not mean matters then existing and subsequently discovered, but occurrences which have happened wholly subsequent to the trial or hearing.

The only error of fact alleged to have been made in the case at bar was analogous to a finding of fact upon a trial in the Supreme Court by a judge at Special Term ; it was the decision by the surrogate, upon consideration of the testimony taken before the appraiser, that the taxable value of the decedent's real property was $200,000. The representatives of the estate did not question the valuation at the time ; indeed it was their own estimate. There is no suggestion that it was not based on competent proof. Its correctness was attacked upon the subsequent application to modify the decree, solely on the ground that new evidence as to value, non-existent when the decree was made, was now available, tending to show that the original appraisal was too large. Assuming that such evidence demonstrates that a mistake was made, is such a mistake an error of fact for which the trial court is authorized to change the first decree accordingly ? Of course, if a transfer tax decree can be modified by decreasing the valuation placed upon the real property of a decedent by the surrogate, because it subsequently sells for less

than his estimate, it may be modified by increasing such valuation in a case where the property subsequently sells for more.

It seems to me that an error of this character, provable as such only by subsequently occurring facts, must be deemed to be an error arising upon a trial, and hence to be not within the purview of section 1283 of the Code of Civil Procedure, as made applicable to Surrogates' Courts by section 2481. (*Matter of Humfreville*, 8 App. Div. 312.) The valuation now alleged to have been erroneous was fixed upon all the evidence which the parties chose to lay before the court at the time, and so far as appears upon all the evidence which then existed. A practice which would permit judgments fixing values to be opened from time to time in cases where a subsequent sale of the appraised property tended to show that the figure fixed by the judgment was too large or too small, would lead to intolerable uncertainty and confusion. In the administration of justice, all that can ordinarily or reasonably be expected or demanded by litigants in the determination of their controversies is that these shall be correctly decided upon the facts relevant to the issues which have occurred before the trial and those which exist at the time when the trial takes place. They cannot be insured against the possibility of future happenings which may indicate that the decision was in some respects incorrect. In expressing the opinion, however, that a judgment on an issue of value should not be disturbed by the court which rendered it on account of subsequently arising evidence tending to show that the valuation adopted was erroneous, it is not necessary to hold that there can be no case in which a court might modify its decree because of an error of fact arising upon the trial or hearing. Such power would probably exist, for example, in a case under the Transfer Tax Law where it appeared that the property appraised, which all parties assumed to have belonged to the decedent, really included a lot which he never owned; and in other cases of error not relating to any issue actually litigated. All that I mean to assert in the present case is that a decree of appraisal under the Transfer Tax Law ought not to be changed by the Surrogate's Court merely because a sale of the appraised property a few months after the decree was made convinces the surrogate that he valued the property at too high a figure. In my opinion, the jurisdiction to modify should not be

exercised by changing his decision upon an issue in the proceeding in the light of the new evidence furnished by the subsequent sale. That sale is simply evidence on the question of value, by no means conclusive in its character ; and if it is held to afford adequate ground for opening decrees in this class of cases, it will be difficult to know when any transfer tax decree relating to real property can be deemed final.

It is proper to call attention to a sentence in the opinion of Mr. Justice SPRING in the case of *Morgan* v. *Cowie*, already cited, which may be in conflict with the view which I have expressed. He says, speaking of the jurisdiction of the Surrogate's Court in transfer tax cases : " *If facts have arisen since the imposition and payment of the tax showing it was* improperly assessed or *excessive in amount*, or without the jurisdiction of the court to tax, then the court possesses the power to redress the wrong done." If the words which I have italicised involve the conclusion that the power of the surrogate is broad enough to permit him to alter his valuation upon the reception of proof as to subsequently arising facts indicating that it was too high or too low, I doubt the correctness of the proposition. It is not sustained by *Matter of Henderson* (157 N. Y. 423) which relates to the power of surrogates to correct clerical errors ; or by *Matter of Flynn* (136 N. Y. 287) which was a case where the surrogate's decree was opened on the express ground of fraud in the accounting ; or by *Matter of Coogan* (27 Misc. Rep. 563) where the surrogate had no jurisdiction to assess the tax ; or by *Ladd* v. *Stevenson* (112 N. Y. 325) which merely asserts the inherent power of the Supreme Court to open a judgment of foreclosure in order to allow persons having an interest in the mortgaged premises to come in and defend. The only case cited by Judge SPRING intimating the existence of any such power as that exercised in the case at bar is *Matter of Fulton* (30 Misc. Rep. 70), where the surrogate of Franklin county merely expressed the opinion that he could set aside an original decree of appraisal in order to permit the executor to show that certain property had been appraised in excess of its actual market value. The matter was disposed of by consent, however, and there was no actual adjudication upon the question.

But, as I have already intimated, even if the jurisdiction exists to the extent contended for by the respondents, I think it should not

be exercised except in cases where the original valuation is much more conclusively demonstrated than it was by the sale in the present case. Notwithstanding the circumstances of that sale it may well be that the expert trustee was right in fixing the value of the decedent's real property at $200,000. I think the chances of an overvaluation by such an interested witness are very slight indeed.

In no view was this proof in regard to the sale newly-discovered evidence such as the Code contemplates as the basis for setting aside a judgment. It was rather newly-created evidence.

I think the order appealed from should be reversed.

WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Decree of the Surrogate's Court of Kings county reversed, with costs.