(89 App. Div. 226.)

## In re LOWRY'S ESTATE.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1 TRANSFER TAX—DECREE OF APPRAISAL—MODIFICATION.
     Laws 1896, p. 873, c. 908, § 229, provides that the Surrogate's Court may, in proceedings under the transfer tax law, do any act authorized by law to be done by a surrogate in other matters within his jurisdiction. Code Civ. Proc. § 248, subd. 6, declares that a surrogate may modify a decree for newly discovered evidence or other sufficient cause, but only in such cases as a court of general jurisdiction exercises the same powers; and, by section 1283, courts of general jurisdiction may modify a decree for error in fact not arising on trial. *Held*, that a surrogate has no power

to modify a decree of appraisal under the transfer tax law on the ground that a sale of the property subsequent to the appraisement showed that the latter was too high.

Appeal from Order of Surrogate, Kings County.

Proceedings, under the transfer tax law, relative to the estate of Joseph L. Lowry, deceased. From an order vacating a decree appraising the property and amending the appraiser's report, the Comptroller of the State of New York appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

Leonard B. Smith, for appellant.

Charles H. Kelby, for respondents trustees under Lowry's will.

WILLARD BARTLETT, J. On the appraisal of the decedent's real estate for the purposes of the transfer tax, its value was fixed by the appraiser at $200,000. This was the estimate given at the time by Cornelius Furgueson, one of the trustees under the will, whose testimony showed a familiarity with values, in the locality where the property is situated, sufficient to qualify him as an expert. The appraiser's report was approved by the Surrogate's Court on December 30, 1902. In April of the following year the decedent's real estate in question was sold fairly and in good faith at public auction for the aggregate sum of $103,050. Acting, evidently, on the assumption that this sale was better proof of the actual value of the lands than the expert evidence of the trustee upon which he made his decree, and expressly holding that a mistake of fact had been made in fixing the value of the said real property at $200,000, the learned surrogate modified the original decree and report of the appraiser by reducing the valuation to about the sum realized at the auction.

Under the transfer tax law the Surrogate's Court may do any act in relation to such a tax "authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction" (Laws 1896, p. 873, c. 908, § 229); and in such matters or proceedings he may open, vacate, modify, or set aside, or enter as of a former time, a decree of his court; or may grant a new trial or hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. Code Civ. Proc. § 2481, subd. 6. The section of the Code cited further provides that the powers conferred by subdivision 6 are to be exercised only in a like case and in the same manner as a court of general jurisdiction exercises the same powers. This includes the power to modify or set aside a decree for error in fact not arising upon the trial. Code Civ. Proc. § 1283. Indeed, it is said in Morgan v. Cowie, 49 App. Div. 612, 63 N. Y. Supp. 608:

"The authority of a court to modify its own decrees for an error in fact, newly-discovered evidence, or any cause extrinsic of the record, is an inherent one, and is vested in every court, with such restrictions as the Legislature has seen fit to impose."

Inasmuch as the learned surrogate has expressly based the modification of his original decree upon "a mistake of fact" in the appraisal which it approved, the principal question to be considered upon the

present appeal is whether the errors of fact for which a court of original jurisdiction has power to vacate or modify its judgments include the determination of a question of value on the trial or hearing, which determination, although made on competent evidence, appears to have been erroneous in the light of events which have occurred since it was made—I do not mean matters then existing and subsequently discovered, but occurrences which have happened wholly subsequent to the trial or hearing. The only error of fact alleged to have been made in the case at bar was analogous to a finding of fact upon a trial in the Supreme Court by a judge at Special Term; it was the decision by the surrogate, upon consideration of the testimony taken before the appraiser, that the taxable value of the decedent's real property was $200,000. The representatives of the estate did not question the valuation at the time; indeed, it was their own estimate. There is no suggestion that it was not based on competent proof. Its correctness was attacked, upon the subsequent application to modify the decree, solely on the ground that new evidence as to value, nonexistent when the decree was made, was now available, tending to show that the original appraisal was too large. Assuming that such evidence demonstrates that a mistake was made, is such a mistake an error of fact for which the trial court is authorized to change the first decree accordingly? Of course, if a transfer tax decree can be modified by decreasing the valuation placed upon the real property of a decedent by the surrogate because it subsequently sells for less than his estimate, it may be modified by increasing such valuation in a case where the property subsequently sells for more.

It seems to me that an error of this character, provable as such only by subsequently occurring facts, must be deemed to be an error arising upon a trial, and hence to be not within the purview of section 1283 of the Code of Civil Procedure, as made applicable to Surrogate's Courts by section 2481. Matter of Humfreville, 8 App. Div. 312, 40 N. Y. Supp. 939. The valuation now alleged to have been erroneous was fixed upon all the evidence which the parties chose to lay before the court at the time, and, so far as appears, upon all the evidence which then existed. A practice which would permit judgments fixing values to be opened from time to time in cases where a subsequent sale of the appraised property tended to show that the figure fixed by the judgment was too large or too small would lead to intolerable uncertainty and confusion. In the administration of justice, all that can ordinarily or reasonably be expected or demanded by litigants in the determination of their controversies is that these shall be correctly decided upon the facts relevant to the issues which have occurred before the trial and those which exist at the time when the trial takes place. They cannot be insured against the possibility of future happenings which may indicate that the decision was in some respects incorrect. In expressing the opinion, however, that a judgment on an issue of value should not be disturbed, by the court which rendered it, on account of subsequently arising evidence tending to show that the valuation adopted was erroneous, it is not necessary to hold that there can be no case in which a court might

modify its decree because of an error of fact arising upon the trial
or hearing. Such power would probably exist, for example, in a case
under the transfer tax law where it appeared that the property ap-
praised, which all parties assumed to have belonged to the decedent,
really included a lot which he never owned, and in other cases of error
not relating to any issue actually litigated. All that I mean to assert
in the present case is that a decree of appraisal under the transfer tax
law ought not to be changed by the Surrogate's Court merely be-
cause a sale of the appraised property a few months after the decree
was made convinces the surrogate that he valued the property at
too high a figure. In my opinion, the jurisdiction to modify should
not be exercised by changing his decision upon an issue in the pro-
ceeding, in the light of the new evidence furnished by the subsequent
sale. That sale is simply evidence on the question of value, by no
means conclusive in its character; and, if it is held to afford adequate
ground for opening decrees in this class of cases, it will be difficult
to know when any transfer tax decree relating to real property can be
deemed final.

It is proper to call attention to a sentence in the opinion of Mr.
Justice Spring in the case of Morgan v. Cowie, already cited, which
may be in conflict with the view which I have expressed. He says,
speaking of the jurisdiction of the Surrogate's Court in transfer tax
cases:

"*If facts have arisen since the imposition and payment of the tax showing
it was* improperly assessed or *excessive in amount,* or without the jurisdic-
tion of the court to tax, then the court possesses the power to redress the
wrong done."

If the words which I have italicized involve the conclusion that the
power of the surrogate is broad enough to permit him to alter his
valuation upon the reception of proof as to subsequently arising facts
indicating that it was too high or too low, I doubt the correctness of
the proposition. It is not sustained by the Matter of Henderson,
157 N. Y. 423, 52 N. E. 183, which relates to the power of surro-
gates to correct clerical errors; or by the Matter of Flynn, 136 N.
Y. 287, 32 N. E. 767, which was a case where the surrogate's decree
was opened on the express ground of fraud in the accounting; or
by the Matter of Coogan, 27 Misc. Rep. 563, 59 N. Y. Supp. 111,
where the surrogate had no jurisdiction to assess the tax; or by Ladd
v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748, which
merely asserts the inherent power of the Supreme Court to open a
judgment of foreclosure in order to allow persons having an interest
in the mortgaged premises to come in and defend. The only case
cited by Judge Spring intimating the existence of any such power as
that exercised in the case at bar is the Matter of Fulton, 30 Misc. Rep.
70, 62 N. Y. Supp. 995, where the surrogate of Franklin county mere-
ly expressed the opinion that he could set aside an original decree of
appraisal in order to permit the executor to show that certain prop-
erty had been appraised in excess of its actual market value. The
matter was disposed of by consent, however, and there was no actual
adjudication upon the question. But, as I have already intimated,
even if the jurisdiction exists to the extent contended for by the re-

spondents, I think it should not be exercised in cases where the original valuation is much more conclusively demonstrated than it was by the sale in the present case. Notwithstanding the circumstances of that sale, it may well be that the expert trustee was right in fixing the value of the decedent's real property at $200,000. I think the chances of an overvaluation by such an interested witness are very slight indeed. In no view was this proof in regard to the sale newly discovered evidence such as the Code contemplates as the basis for setting aside a judgment. It was rather newly created evidence.

I think the order appealed from should be reversed.

Decree of the Surrogate's Court of Kings county reversed, with costs. All concur.