(129 App. Div. 418.)

## In re BARNUM'S ESTATE.

(Supreme Court, Appellate Division, Second Department.　December 30, 1908.)

1. COURTS (§ 202*)—OPENING AND VACATING JUDGMENTS—POWER OF SURROGATE IN INHERITANCE TAX PROCEEDINGS.

Under Code Civ. Proc. § 2481, giving a surrogate power to vacate orders of his court, or grant a new trial or hearing for sufficient cause, to be exercised only as the same power would be exercised in a court of general jurisdiction, a surrogate could vacate a prior order fixing the transfer tax on an estate, and remit the matter to the appraisers for rehearing, but only as it would be done by a court of general jurisdiction; and where the first determination fixing the tax resulted fairly in a judicial determination, for the purpose of the proceedings, of the value of the estate, the determination could be treated no more lightly than determinations of courts of general jurisdiction, and could not be set aside and a new hearing granted in the absence of circumstances similar to those held to warrant a new trial in courts of general jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 485; Dec. Dig. § 202.*]

2. APPEAL AND ERROR (§ 982*)—REVIEW—DISCRETION OF COURT.

If the vacating by a surrogate of an order fixing a transfer tax on an estate and remitting the matter to the appraisers for rehearing and reappraisement involves discretion, the circumstances under which his determination was made may be reviewed on appeal, to ascertain if the discretion was abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3877, 3878; Dec. Dig. § 982.*]

Appeal from Surrogate's Court, Nassau County.

In the matter of the appraisal of the estate of Joshua W. Barnum for the fixing of the transfer tax. From an order vacating an order fixing the tax, and referring the matter for reappraisement and reassessment, the State Comptroller appeals. Reversed, and reappraisement denied.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Henry P. Keith (Philip Huntington, on the brief), for appellant.

William N. Dykman (Francis L. Archer, on the brief), for respondent.

PER CURIAM. The State Comptroller has appealed from an order of the surrogate of Nassau county, made on the 6th day of July, 1908, which vacated an order made on the 20th day of September, 1907, attesting and fixing the transfer tax upon the estate, and referring the matter back to the transfer tax appraisers for reappraisement and reassessment of the real and personal property owned by the deceased. The surrogate's order was made on the petition of one of the executors, which set forth that the assessed value of the real property was excessive and erroneous, and that he was mistaken in respect thereto in placing it at the sum of $290,000 in his affidavit submitted to the transfer tax appraisers, and also upon the affidavit of two real estate brokers and appraisers, living where the real prop-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erty is situated, showing that the property is worth but $139,700. The transfer tax has not been paid.

The executor, who made the original affidavit upon the first appraisement herein, itemized the pieces of real property, and swore that in the aggregate they were worth $298,200. Section 2481 of the Code of Civil Procedure provides, at subdivision 6, that:

"A surrogate, in court or out of court, as the case requires has power * * * to open, vacate, modify, or set aside, or to enter, as of a former time, a decree or order of his court, or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers, conferred by this subdivision, must be exercised only in a like case and in the same manner, as a court of record and of general jurisdiction exercises the same powers."

Under this section there can be no question but that the surrogate had the power to vacate the prior order and remit the matter to the appraisers for rehearing and reappraisement; but this power may be exercised only as the same power would be exercised by a court of record, and if the surrogate attempts to exercise it in any other manner, or in other cases, he does what is unwarranted, and if the exercise of the power involves discretion the circumstances under which the determination of the surrogate was made may be reviewed, to ascertain whether or not there has been an abuse of such discretion.

The first determination of the surrogate resulted fairly in a judicial determination, for the purposes of the proceedings, of the value of the property. Such judicial determination may be treated no more lightly than the solemn determinations of courts of record, and for fraud, newly discovered evidence, and the like should be set aside and new hearings granted only under circumstances similar to those that are held sufficient to warrant the granting of a new trial in courts of record. Matter of Lowry, 89 App. Div. 226, 85 N. Y. Supp. 924. No such showing is made in this case, and none is seriously attempted. There must be a finality about determinations of this character. To affirm the order appealed from would be wholly to disregard such principles.

The order must be reversed, with costs, and the reappraisement denied, with costs.