In the Matter of the Estate of WILLIAM MUIR, Deceased.

Surrogate's Court, New York County, October 22, 1930.

*Frances B. Sanford* [*Joseph F. McCloy, John L. McMaster* and *Leo Brady* of counsel], for the estate.

*Charles A. Curtin* [*Seth T. Cole* of counsel], for the State Tax Commission.

FOLEY, S. This is an application by the executor of the estate to vacate the order entered November 22, 1899, fixing the transfer tax, and to declare the estate to be exempt from tax. The decedent died June 30, 1892, a resident of the State of New Jersey. By the terms of his will, the testator created a life estate for his wife with remainder to his children. An appraiser was appointed to ascertain the value of decedent's property located in the State of New York and his report indicates personal property subject to tax to be a small savings bank deposit and 450 shares of stock of the American News Company, which is a joint stock association. Under the law in force in 1892, the remainder interests were not presently taxable as they were contingent and not ascertainable at that time. The *pro forma* order assessing tax on the life estate of the widow in the sum of $189.47 was entered on November 22, 1899. Elizabeth Muir, the life tenant, died on February 19, 1930, survived by William J. Muir, Taylor Muir and Mary A. Bloomsburg, who became entitled to equal parts of the remainder. The questions presented upon this application are as follows:

(1) Whether the order fixing tax upon the widow's life estate may be vacated on the ground that the surrogate was without jurisdiction to assess any tax? The executor urges in support of this contention that the assessment of such a tax was in violation of the Federal Constitution, and particularly the Fourteenth Amendment, and that the situs of the property was not in this State and that New York could not assess a tax upon the transfer.

(2) Whether the order may be vacated as to the tax on the transfer to the widow because of the alleged erroneous valuation of the assets by the appraiser?

(3) Whether the remainder interests, which vested upon the death of the life tenant, are now taxable upon a proper valuation, since the original order fixing tax is entirely silent as to the amount of such tax?

(4) Whether the order should not be vacated and set aside and all the transfers to the remaindermen as well as the widow declared to be exempt from any tax by reason of the foregoing violation of the Federal Constitution?

(5) The final question is presented as to whether the valuation now to be made by the appraiser would show the transfers to the remaindermen to be exempt under the provisions of law in effect at the date of death of the decedent?

The motion to vacate and set aside the order fixing tax is denied. That order was entered in the year 1899. The law then, as now, provided for a review of the *pro forma* order by appeal to the surrogate within sixty days. If any error was asserted, it should have been corrected by such an appeal. (*Matter of Putnam,* 220 App. Div. 34; *Matter of Litchfield,* N. Y. L. J. July 11, 1912.) A further indication of the legislative intent to secure finality to such orders may be found in section 6 of chapter 399 of the Laws of 1892 which was in effect at the time of the death of the decedent. That section authorized an application for the repayment of a tax erroneously paid to the State Comptroller. It provided that all such applications for refunding erroneous taxes shall be made within five years from the payment thereof. I, therefore, hold that it is beyond the power of the surrogate to set aside the original order of 1899 or make a determination which might be used as a basis for a refund of a tax paid over thirty years ago upon the transfer to the widow. The chaos and uncertainty that would prevail if such procedure were countenanced is easily understandable.

With respect to the assessment of a tax upon the remainder interests which have recently fallen in, I hold that an order should be entered remitting the former appraiser's report to a new appraiser for the purpose of valuing the respective transfers to each of the remaindermen and further to ascertain whether the transfers to the remaindermen are not wholly exempt because of the provisions of law in effect at the death of the decedent. The executor relies upon the decisions of *Farmers Loan & Trust Co.* v. *State of Minnesota* (280 U. S. 204); *Baldwin* v. *Missouri* (281 id. 586), and other recent decisions of the United States Supreme Court as sustaining his contention that the taxation of the transfer of the shares of a joint stock association in a non-resident's estate is in violation of the Federal Constitution and that it was beyond the power of New York State to tax the testamentary transfer.

The original appraiser's report, in its reference to the remainder, provided as follows: "I further report that the other transfers of property situated in the State of New York made by said will are not taxable at the present time, because it is not possible to ascertain the persons to whom the property transferred will eventually pass, until the death of said Elizabeth Muir" (the life tenant). The order fixing tax recited only the value of the transfer to the widow and the tax to be paid thereon. It was silent as to the valuation or tax or any other detail of the transfers to the remaindermen. Its effect, therefore, read in the light of the report, was to suspend taxation upon these transfers until the vesting of the remainder. Apparently under the procedure then in force, no specific recital of the suspension was contained in the *pro forma* orders although sufficient mention was made of such suspension in the report of the appraiser. Under the special circumstances of this estate, I hold that the order was not conclusive against the remaindermen on the question of the valuation of the shares of the American News Company.

As to the remaining question of the unconstitutionality of the assessment of a tax upon the transfer of shares of stock of a joint stock association, I hold that a determination of that question at this time would be premature. It is possible that the transfers to the remaindermen may be found by the appraiser to be less than the pecuniary exemption provided in the statute of 1892. In that event and with a subsequent finding in the order entered upon the appraiser's supplemental report, the question of unconstitutionality will become academic in this estate. If the transfers to the remaindermen be found by the appraiser to be in excess of the exemption, the question of constitutionality may be raised upon an appeal from the new order fixing tax entered upon the supplemental report.

Submit order on notice accordingly.