In the Matter of the Estate of A. ALBERT SACK, Deceased.

Surrogate's Court, Orange County, January 5, 1931.

*Joseph F. McCloy* [*John L. McMasters* and *Leo Brady* of counsel], for the petitioner.

*A. C. N. Thompson* [*Seth T. Cole* and *William Dale O'Brien* of counsel], for the State Tax Commission.

*Hamilton Ward, Attorney-General* [*Henry S. Manley, Assistant Attorney-General*, of counsel], *amicus curiæ*.

SMITH, S. A. Albert Sack died testate on April 21, 1925, a resident of Providence, State of Rhode Island, and owned shares of stock of New York corporations valued at more than $350,000.

The executor, Industrial Trust Company, filed petition and notice of motion, with proof of due service of copies thereof upon the then attorney for the State Tax Commission, for an order fixing the tax upon the taxable transfers of property described in said petition without the appointment of an appraiser. Thereafter and on December 15, 1925, the usual *pro forma* order was entered fixing the tax upon certain annuities of the widow and children of deceased and fixing the full undiminished value of the remainder and the tax which would be due thereon in the contingency said remainder passed to a single person of the five per cent class. The amount of tax which would be due in such event was fixed by such order at the sum of $18,303.63. The order further provided that the assessment upon the contingent transfer referred to was temporary and subject to reassessment. From this order no appeal was taken and the same has not been modified in any respect. The tax then due was paid and bonds to the amount of $20,000 were deposited by the executor to secure the payment of the tax upon the contingent remainder interests under the will.

The law taxing transfers in force at the date of the death of this decedent was article 10 of chapter 60 of the Consolidated Laws, known as the Tax Law (as amd. by Laws of 1922, chap. 430; since amd. by Laws of 1928, chap. 330), being chapter 62 of the Laws of 1909. The portion of said statute material on this motion was contained in section 220 of the Tax Law, reading as follows:

" § 220. Taxable transfers. A tax shall be and is hereby imposed

upon the transfer of any property real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases, subject to the exemptions and limitations hereinafter prescribed:

\*  \*  \*  \*  \*  \*  \*

" 2. In the case of a nonresident decedent when the transfer is by will or intestate law of any of the following items:

" (a) Real property within this state, or goods, wares and merchandise within this state.

" (b) Shares of stock or certificates of interest of corporations organized under the laws of this state, or of national banking associations located in this state, or of joint stock companies or associations organized under the laws of this state and including all dividends and rights to subscribe to the stock of such corporations, joint stock companies or associations or banks.

" (c) Property evidenced by or consisting of shares of stock of a foreign corporation, joint stock company or association, or bonds, notes, mortgages or other evidences of interest in any corporation, joint stock company or association wherever incorporated or organized where the property represented by such shares of stock, bonds, notes, mortgages or other evidences of interest, consists of real property which is located wholly, or partly, within this state to the extent to which the value of the said items respectively is enhanced, or is represented, or is secured, by real estate in the state of New York owned by such corporation, joint stock company or association. There shall be excepted from the classification of this subdivision all of such items where such corporation, joint stock company or association is or is in the nature of a moneyed corporation, a railroad or transportation corporation, a public service or manufacturing corporation as defined or classified by the laws of this state.

" (d) The interest of such decedent in any partnership business conducted, wholly or partly, within the state of New York to the extent of the interest of the decedent in the partnership property within this state and the good will of such business within this state.

" (e) Capital invested in business within this state.

" Nothing in this section shall be taken to include deposits in banks or trust companies or with persons or corporations acting as bankers, or to permit of a transfer tax by reason of keeping securities, other than those taxable under this article, within this state."

The taxing order properly fixed the tax due on the shares of stock in New York corporations owned by this non-resident decedent in accordance with the provisions of the Tax Law and the previous decisions of the courts relating thereto.

The petitioner now claims that the surrogate was without jurisdiction to enter the taxing order on the ground that the due process provisions of the fourteenth amendment to the Federal Constitution preclude the taxation of shares of stock of New York corporations passing under the will of a non-resident of the State and that, therefore, the order and proceedings had were wholly void and that the order should now be vacated. When the petitioner's right to present this application was challenged by reason of failure to appeal from the taxing order, it presented proof by means of the certificate of the clerk of this court that no notice of assessment of tax was given to the persons known to be interested in the estate, pursuant to section 231 of the Tax Law (as amd. by Laws of 1921, chap. 476).

This motion is based upon the recent decision of the United States Supreme Court in the case of *Farmers Loan & Trust Co.* v. *Minnesota* (280 U. S. 204).

Counsel for the State Tax Commission claim that petitioner cannot raise the question that the statute violates the Constitution of the United States on a motion to vacate the tax order; that, having failed to raise the question on the original application or by appeal as provided by the Tax Law, the question sought to be raised on this motion has been waived; that, even though it be decided in some subsequent case that the decisions of the Court of Appeals are wrong because of an objection under the Constitution of the United States, it would not change the law in effect at the time the taxing order was entered; and further that the granting of the relief asked is within the discretion of the court and such discretion should not be exercised.

The Attorney-General asserts that the tax has heretofore been regarded as constitutional by the New York courts and that, while the United States Supreme Court will probably eventually decide that only one jurisdiction can impose an inheritance tax upon the devolution of corporate stock, which will be the State wherein the owner thereof resides, until explicit decision to the contrary this court should rely upon the presumption favoring constitutionality.

This matter has been very ably presented by counsel on both sides, supported by most excellent briefs and very carefully considered.

The rule established by the United States Supreme Court (*Farmers Loan & Trust Co.* v. *Minnesota, supra*) undoubtedly is that double or multiple taxation of intangible personal property transferred at death is prohibited by the fourteenth amendment to the Constitution of the United States and that such property is subject to taxation only by the State of domicile of the owner

thereof except such intangibles as have acquired a so-called "business situs." The exception stated is not involved in this case. The particular class of intangible personal property involved in the case cited was bonds but the legal principles enunciated in the decision apply with equal force to shares of stock, notes and choses in action generally and such property is clearly subject to taxation only by the State of domicile of the owner thereof.

This court undoubtedly has the power to modify or vacate the *pro forma* order assessing the tax in this estate even though no appeal was taken and the time to appeal may have expired, but should not, and will not, do so in this proceeding. The petitioner voluntarily applied to have the tax fixed in accordance with the provisions of the Tax Law then in force and the decisions of the courts relating thereto and has paid the tax assessed and deposited bonds to secure the payment of taxes to be assessed. The question of the constitutionality of the Tax Law could have been raised in the original proceeding or by appeal to the surrogate but this was not done. The statement made by Surrogate FOLEY in a proceeding to vacate a previous tax order brought since the decision of the *Minnesota Case* (*Matter of Muir*, 139 Misc. 434), that "The chaos and uncertainty that would prevail if such procedure were countenanced is easily understandable," apply with equal force in this case.

The Tax Law (§ 232, as amd. by Laws of 1921, chap. 476) provides for an appeal by any person dissatisfied with the appraisement or assessment and determination of tax to the surrogate within sixty days from the fixing, assessing and determination of tax and the notice of appeal must state the grounds upon which the appeal is taken. No question can be raised on such appeal unless it is so stated. The procedure provided by law for assessing the tax is manifestly intended to procure finality of decision with respect to the tax due and it would be most unwise for any surrogate to reopen any tax proceeding and vacate a taxing order because a decision of the United States Supreme Court indicates that that court may later decide that the statute under which the tax was assessed and paid was adopted in violation of the provisions of the Constitution of the United States.

The fact that the notice provided for by section 231 of the Tax Law was not given to petitioner and the persons interested in the estate does not seem to affect the questions presented on this motion. The fact that petitioner had knowledge of the entry of the order is evidenced by the payment made and the deposit of the bonds with the State Tax Commission. If service of notice as to the value of any estate which was taxable and of the tax to which it

was liable upon the persons interested therein was necessary in order to limit the time within which a notice of appeal must be filed, such persons still have the right to file such notice of appeal because no notice has been served upon them. That question is not presented on this motion and, of course, is not determined.

Motion denied. Submit order with three days, notice of settlement.