In the Matter of the Estate of MARGARET WALLIN, Deceased.

Surrogate's Court, Montgomery County, August 26, 1938.

*James W. Ferguson* [*Daisy Snook Borst* of counsel], for the executors.

*Harry V. Borst*, for the State Tax Commission.

AULISI, S. Margaret Wallin died in the city of Amsterdam on May 29, 1935, and her will was admitted to probate by this court on June 5, 1935.

Letters testamentary were granted to James W. Ferguson and Freeman Faulds Wallin. Thereafter a New York estate tax return was filed and a *pro forma* order confirming this return and assessing the tax was made on November 27, 1935. No appeal was taken therefrom and on May 22, 1937, an application was made by the executors for a modification of the *pro forma* order fixing the estate tax on the ground that in said return there was included an estimated amount of executors' commissions of $120,000 and an estimated amount for attorney's services of $30,000, whereas, as a matter of fact, upon the final accounting the actual commissions and fees for legal services ordered to be paid were $147,853.12 and $40,000 respectively. The executors' commissions upon the value of the estate as of the date of death of the decedent amounted to $112,158.80.

Counsel for the State Tax Commission claims that this court does not have jurisdiction to entertain this application. With this contention I cannot agree. The facts here do not present a judicial error of law which can only be corrected on appeal and subdivision 6 of section 20 of the Surrogate's Court Act vests the surrogate with jurisdiction to modify or vacate things specified in that statute and for causes of a like nature. Section 249-aa of the Tax Law provides that the Tax Commission with the approval of the Comptroller shall refund to the executor, administrator, etc., in two contingencies: (1) If the order fixing the tax is modified or reversed by the surrogate within two years after its entry; (2) if such order is modified or reversed at any time on an appeal taken therefrom within the time allowed by law.

This court has the power to modify or vacate the *pro forma* order assessing the tax in this estate even though no appeal was taken and the time to appeal may have expired. (*Matter of Sack*, 138 Misc. 806, 810; *Matter of Putman*, 220 App. Div. 34, 37.)

The amounts set forth in the tax return for commissions and attorney's fees were " *estimated* " upon facts as known by the executors at that time and there was no attempt on their part to misrepresent said facts or to deceive any one.

The payment of the estate tax upon an estate is not a tax upon property, but upon the right of succession, and only the net value of the estate as of the date of the death of the decedent is taxable.

The tax is the toll or import appropriated to itself by the State for or in connection with the right of succession to property. It accrues, therefore, at the same time that the estate vests, that is upon decedent's death, and no part of any future increase may be taxed. (*Matter of Penfold*, 216 N. Y. 163; *Matter of Gihon*, 169 id. 443; *Matter of Woolworth*, 235 App. Div. 160.) It, therefore, necessarily follows that the commissions to be deducted, in order to arrive at the net estate, are the commissions based upon the gross value of the estate as of the death of the decedent. (*Matter of Woolworth, supra.*)

In addition to the matter of commissions the other deduction in question here is that of the attorney's fees, and as to that, I am of the opinion the entire sum of $40,000 should be deducted from the gross value of the estate as of the date of decedent's death. The estate tax return contains the following statement, viz.: " J. W. Ferguson, Amsterdam, N. Y., attorney's fees (estimated) and tentatively agreed upon subject to confirmation by the Court, $30,000.00." There is no question but that the amount allowed by the court for attorney's fees upon the final accounting was fair and reasonable and this fact would be true even though there had been no increase in the value of the estate during the administration thereof. The gross amount of the value of the estate at the date of the death of the decedent was $2,832,936.93, and the allowance of $40,000 for attorney's fees was not exorbitant. The executors in their return had merely " estimated " the amount of the attorney's fees, and unlike the matter of commissions they could not *positively* set forth the sum which would be allowed to the attorney for his services.

In conclusion, I, therefore, decide that the *pro forma* order granted on November 27, 1935, should be amended or modified allowing the deduction of the executors' commissions at $112,158.80 and the attorney's fees at $40,000. This allowance, making the amount of estate tax $190,806.75 instead of the sum of $191,044.22, fixed and determined by the November 27, 1935, order.

Submit order, on notice, accordingly.