In the Matter of the Estate of ALBERT A. TROESCHER, Deceased. STATE TAX COMMISSION, Appellant; ANNA E. TROESCHER et al., as Executors of ALBERT A. TROESCHER, Deceased, Respondents.— The appellant raises no question as to the form of procedure adopted and apparently concedes that the promissory note for $9,520 listed as an asset at its face amount, was worthless and without value at the time of the testator's death. The only contentions raised are based upon the alleged lack of power of the Surrogate to modify the *pro forma* order fixing the amount of the tax after the time to appeal had elapsed. As a general proposition the Surrogate lacks such power but there are exceptions to the rule and, in our opinion, the undisputed facts presented by this record bring this case within the exception. The value of the note in question was not litigated or decided in the original proceeding to fix the value of the estate, but was assumed. Consequently the tax against the amount of the note was erroneously assessed under a mistake of fact. Under such circumstances a modification has been upheld. (*Matter of Scrimgeour*, 175 N. Y. 507; *Matter of Silliman*, 175 N. Y. 513; *Matter of Weiler*, 139 App. Div. 905; *Matter of Townsend*, 153 App. Div. 85; *Matter of Sherar*, 25 Misc. 138.) Appeal from order dated February 14, 1941, denying motion for reargument, dismissed, without costs. Lazansky, P. J., Hagarty, Johnston and Close, JJ., concur; Taylor, J., dissents in part, with the following memorandum: I agree with the majority in its ruling that the appeal from the order dated February 14, 1941, denying motion for reargument should be dismissed. I dissent from the affirmance of the order dated June 21, 1940, modifying the *pro forma* order of March 24, 1938, which fixed and assessed the tax on the estate of the testator. In my opinion, the authorities upon which my learned colleagues rely, when each of them is analyzed in the light of its peculiar facts, do not justify the affirmance of the order of modification appealed from. Notwithstanding the form of each notice of appeal, the sole question raised and argued relates to the fixation for estate tax purposes of the value of a promissory note of Frank J. Keller to the order of the testator, which value was fixed in the *pro forma* order at the sum of $9,520. No appeal was taken from that order, as provided in section 249-x of the Tax Law (Cons. Laws, ch. 60). Hence it became, and such order is, *res judicata* as between the executors and the State Tax Commission as to the value of that note as of the date of the decedent's death. (Surrogate's Court Act, § 80; cf. *People ex rel. Bankers Trust Co.* v. *Graves*, 270 N. Y. 316, 320; *Matter of Rice*, 56 App. Div. 253, and cases cited; *Matter of Eisen*, New York Law Journal, May 3, 1930, p. 666 [Foley, S.], citing *Matter of Putnam*, 220 App. Div. 34; cf. *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307.) In the circumstances disclosed in the record, the Surrogate, under section 20, subdivision 6, of the Surrogate's Court Act, had no power to modify the *pro forma* taxing order. (*Matter of Lowry*, 89 App. Div. 226, 228, 229; *Matter of Barnum*, 129 App. Div. 418–420; *Matter of Peck*, 131 App. Div. 81; *Matter of Palmer*, 254 App. Div. 732; *Matter of Gordon*, New York Law Journal, Sept. 8, 1939, p. 568 [Foley, S.]; cf. *Herpe* v. *Herpe*, 225 N. Y.

323.) Therefore, in my opinion, the order of June 21, 1940, in so far as it expressly or in effect changes the valuation of the Keller note fixed at $9,520 in the *pro forma* order, should be reversed on the law and the motion denied.