W. Newcomb Calyer, S.
On February 21, 1956 a motion was made by the administratrix of this estate to amend a pro forma order fixing the estate tax therein, which was entered on June 14, 1953.
In the tax proceeding, certain real estate owned by the decedent was valued at $9,000, as of May 28, 1953 the date of the decedent’s death. This valuation was based upon an affidavit of the attorney for the administratrix. The only ground upon which amendment of the pro forma order is now sought is that the property in question was sold on April 23, 1954 for $13,500. It is urged that, on this basis, the appraisal in the tax proceeding was not the actual market value at the date of death, and that the order fixing the tax should be amended by increasing the value of the taxable estate by the sum of $4,500, and fixing the tax accordingly.
There are many cases in which a reduction in taxes has been sought, in which our courts have held that the Surrogate has power to grant relief under the provisions of subdivision 6 of section 20 of the Surrogate’s Court Act. (Matter of Scrimgeour, 39 Misc. 128, affd. 80 App. Div. 388, affd. 175 N. Y. 507; Matter of Silliman, 38 Misc. 226, revd. 79 App. Div. 98, affd. 175 N. Y. 513; Matter of Willets, 51 Misc. 176, affd. 119 App. Div. 119, affd. 190 N. Y. 527.)
No case has been brought to the attention of the court in which an increase in the tax has been sought by the taxpayer. It has been held, however, that when the only evidence of a different value is a subsequent sale of the real estate, the discretion of the court should not be exercised to change an order fixing the tax. (Matter of Lowry, 89 App. Div. 226.) While that was a case in which a decrease in the tax was denied, the court properly points out that “ if a transfer tax decree can be modified by decreasing the valuation placed upon the real property of a decedent by the surrogate, because it subsequently *380 sells for less than Ms estimate, it may be modified by increasing such valuation in a case where the property subsequently sells for more.” (Matter of Lowry, supra, pp. 228-229.) Granting that the court has power to amend its order on the basis of newly-discovered evidence, the court in the Lotory case further said, at page 231, “ In no view was this proof in regard to the sale newly-discovered evidence such as the Code contemplates as the basis for setting aside a judgment. It was rather newly-created evidence.”
The only attempt to show that the value stated in the affidavit of the attorney for the administratrix in the tax proceeding was erroneous is the affidavit of the administratrix, in support of this motion, showing the subsequent sale at a higher price. This is not sufficient to warrant an amendment of the order. More than two and one-half years elapsed between the entry of the original order, and this motion to amend it. The courts have recognized the need for finality in these matters. (Matter of Lowry, supra; Matter of Barnum, 129 App. Div. 418; Matter of Odell, 120 Misc. 528; Matter of Steigerwald, 2 Misc 2d 389.)
The motion is, therefore, denied.
Submit order accordingly.