John D. Bennett, S.
This is an appeal from a pro forma order of this court, dated April 8,1970, denying the petitioner’s appeal to vacate the order of exemption from estate tax, dated May 1, 1968.
The decedent died on November 30, 1967 and her husband petitioned the court on March 30, 1968 to have her estate exempted from estate tax. In said petition, the petitioner, under Schedule E, listed the fair market value of a parcel of real property owned by the decedent and the petitioner, as tenants by the entirety, in the amount of $27,500. Based on the said petition, the court exempted the within estate from estate taxes. The respondent relied on the petition and did not object to the belief sought therein.
In October of 1969, the petitioner sold the real property in question, allegedly for $44,500. He now contends that the valuation set forth in the petition to exempt the within estate from estate taxes was erroneous and he now submits an appraisal from the broker who brought about the sale of said real property, which states that the real property at the time of the decedent’s death had a fair market value of $39,000. The petitioner asks that the prior order of this court be vacated and that the estate tax be fixed based upon the appraisal of the broker.
This court has jurisdiction to modify its prior order when there was a mistake in fact which was erroneously relied upon by all parties. The court will exercise its discretion in estates where the prior order was based on erroneous valuations and computations (Matter of Ford, 198 Misc. 69); where estimated expenses were later finalized (Matter of Wallin, 168 Misc. 667); where it was later discovered that an asset listed in the petition was not in fact owned by the decedent (Matter of Brown, 172 Misc. 413); where it is later established that an item given a valuation in the prior petition is found to be in fact of no value (Matter of Troescher, 265 App. Div. 971, affd. 291 N. Y. 760); and where there was an error concerning a tax credit (Matter of McNeil, 58 Misc 2d 677). In such instances the courts exercised their discretion in the interest of justice to correct an obvious wrong.
*741 Before a court exercises its discretion to vacate a prior order, it must give serious consideration to upsetting orders and disrupting the finality needed in fixing estate taxes.
The court finds that the situation here is not like one of those enumerated above but is similar to Matter of Barnum (129 App. Div. 418). The petitioner herein was prompted to vacate the within order after he sold his parcel of real property and realized his capital gain. He then obtained the appraisal dated October 13, 1969 from the broker who brought about the sale of the real property.
The petitioner attempts to distinguish Matter of Lowry (89 App. Div. 226), contending that here there was no actual determination concerning the evaluation of the realty when the prior order was made. However, the facts of the Lowry case indicate that all parties relied on the testimony, not of an appraiser but one of the trustees concerning the value of the realty. In Matter of Barnum (supra) the executor made the original affidavit upon which the evaluation of the parcel was determined and the court stated that the subsequent sale of the real property and the submission of appraisals by brokers did not warrant upsetting the prior evaluation. In Matter of Wright (2 Misc 2d 378) there was no prior appraisal submitted but the valuation was based on the affidavit of the attorney for the administratrix and the court held that the subsequent sale of the realty at a price higher than the valuation submitted by the attorney did not justify the modification of the court’s prior order. The courts must recognize the need for finality in these matters (Matter of Wright, supra) and the submission of a subsequent appraisal by a broker who brought about the later sale of the real property does not justify vacating the prior order of this court.
Appeal denied.