(9 Misc. Rep. 621.)

## In re TRAVER.

(Surrogate's Court, Rensselaer County. September, 1894.)

1. SURROGATES' COURTS—OPENING DECREE.
   Failure from illness of a party cited to attend a judicial settlement of accounts is "sufficient cause" (Code Civ. Proc. § 2481, subd. 6) to authorize the surrogate to open his decree on such settlement.

2. WILLS—RIGHTS OF LEGATEES.
   Under a bequest of a sum of money to testator's widow, "of which she is to receive the use during her natural life, and as much of the principal as she might require, and, should any surplus remain, it is to be divided equally between my daughters," the right of the widow to the principal of such sum depends on her using it or demanding it for that purpose during her lifetime, and where she used her own property for her support, without making such demand, her personal representative is not entitled to indemnity out of the sum bequeathed.

Application by Nicholas S. Miller, as executor of Martha Melius, to open a decree settling the accounts of Alexander Traver as executor of Henry Melius, deceased. The application was made on the grounds of excusable default and furtherance of justice. The provision of Henry Melius in favor of said Martha Melius, his wife, is as follows:

"I give to my wife, Martha, the sum of $1,000, of which she is to receive the use during her natural life, and as much of the principal as she might require; and, should any surplus remain, it is to be divided equally between my daughters."

Claudius Rockefeller, for petitioner.
John E. Hoag, for respondent.

LANSING, S. Two questions are presented upon this application. The first is a technical one, and relates to the opening of the decree. The second involves the construction of the provision of the will of Henry Melius, above set forth. Technically, Martha Melius, in her lifetime, had her day in court. Both she and her personal representative are bound by the decree. She was duly and legally cited to attend the judicial settlement of the accounts of the executor of her late husband, and failed to appear. She was not of unsound mind, but it appears that she was sick and unable to transact business at the time she was cited, and probably had no actual knowledge of the hearing. Under the circumstances of this case, I have no doubt of my power, under subdivision 6, § 2481, of the Code of Civil Procedure, to open the decree. It appears to be a case of excusable default. "The surrogate has the power of a court of general jurisdiction to vacate his decrees, and relief may be granted as in the supreme court upon the application of any one for sufficient reason in furtherance of justice." In re Flynn, 136 N. Y. 287, 32 N. E. 767; In re Tilden, 98 N. Y. 434; In re Filley (Surr.) 20 N. Y. Supp. 427. But a more serious question arises as to my duty to open this decree. This the law permits only for a sufficient reason, and in furtherance of justice. Undoubtedly, if the petitioner show, in addition to the excusable default of his testatrix, that she has

suffered manifest injustice in the decree herein, a case will be made to open it.

This brings me to the question of the construction of the said provision in the will in connection with the facts and circumstances of this case. It is claimed by the petitioner that the widow, under the will of her deceased husband, was absolutely entitled to receive her necessary support from the principal of said sum of $1,000 provided for her use, without reference to her own income or estate, and this whether she demanded it during her lifetime or not; that the right to have and enjoy it was a vested right; that it became vested whenever it appeared that she needed it for her support. It was further insisted that, since it appears that the widow was compelled to encroach upon the principal of her own estate for her support and maintenance, her personal representative is entitled to be paid an amount at least sufficient to make good the principal of her individual estate. To this it was answered that the widow, by her acts and declarations, had in her lifetime manifested a clear intent to waive all right to the fund in question, and that such waiver concluded her personal representative. I am satisfied that this view is untenable. If the widow had an absolute or vested right to the fund, neither her failure to demand or receive it, nor her alleged acts or declarations in waiver of her right, would divest her or her personal representative of such interest. But this application must be denied upon another ground. It involves an entire misapprehension, as I conceive, of the law governing the construction of the clause of the will in question. Provisions in wills similar to the one in this case have been frequently before the court for construction. It is well settled under the authorities that the widow took a life estate only in the sum of $1,000, with the right to use such portion of the principal as she might require during her lifetime, and that the limitation over to the daughters of the testator is valid. Colt v. Heard, 10 Hun, 189; Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712; Wells v. Seeley, 47 Hun, 109; Smith v. Van Ostrand, 64 N. Y. 278. It follows that the widow had a right to the income from the sum in question absolutely, but the right to the principal depended upon the condition that she should apply it to her use, or at least demand it for that purpose, during her lifetime. Failing this, immediately upon her death the limitation over took effect, and the daughters of the testator became entitled to the unexpended principal. In the view which I have taken, I do not deem it important to decide the question (much discussed upon the argument) whether the word "require" in the clause in question should be held to mean "demand" or "need," for I do not think the testator used the word in a technical sense. If the ordinary support of the widow, in her judgment, required the use of the money, she was entitled to use it for that purpose. Whether that was the extent of her right it is unnecessary to decide here, but her right to dispose of it was unquestionably limited to her lifetime. Doubtless, a demand upon the executor in some form was required (it having remained in his possession) in order to perfect the widow's right to the fund, and avoid the limitation over. Perhaps, when that right once became perfected by a demand by

the widow and a wrongful refusal by the executor, it would survive to her executor; but it is not necessary to decide that question, for, concededly, she did not demand it during her lifetime. Manifestly, under the authorities, the widow had no vested right or interest in any portion of the principal. Therefore, no portion of it passed under her will; nor had she perfected, or sought to perfect, her claim to the principal, or any portion of it, so as to create a right of action which survived her. It therefore follows that the petitioner's claim, which is based upon the assumption that his testatrix had an interest in said principal sum which survived her death, is utterly untenable. The cases of Holden v. Strong, 116 N. Y. 471, 22 N. E. 960, In re Riley's Estate, 4 Misc. 338, 24 N. Y. Supp. 309, and In re Dickerman's Estate, 34 Hun, 585, which the petitioner cites, furnish no support for his contention. In the case of Holden v. Strong the trustee was given full power and authority to use so much of the trust estate, either principal or interest, as shall, in "the judgment and discretion" of said trustee, "be necessary for the proper care, comfort, and maintenance," of said beneficiary during his life. The court held, construing this provision, that neither the fact that the beneficiary was able to support himself by his own exertions, nor that he was frugal and saving, and had accumulated a fund in the bank, would deprive him of the right to the support provided for him. The other cases are to the same effect. These cases simply illustrate the liberality of the courts in enforcing provisions made for the support of beneficiaries who demanded or required the benefits of the same during their lifetime, but do not furnish the slightest support to the petitioner's contention that provision made for the support of a beneficiary, but not claimed or demanded by him in his lifetime, can be recovered by his personal representative, where there is a valid limitation over, in the case of his death. Application denied, with costs.