## CHARLESTON

BROWN v. CRESAP et al.

Submitted January 15, 1907.    Decided February 19, 1907.

1. WILLS—*Amount and Duration of Annuity.*

   When a testator charges his estate with the maintenance and support of his widow during her life, and later by decree a certain sum is ascertained as an allowance for the annual support of the widow, her right to such sum depends on her using it during her natural life. Such sum cannot be charged against the estate in favor of her devisee or personal representative.   (p. 316.)

2. JUDGMENT—*Conclusiveness.*

   Where a testator charges his estate with the maintenance and support of his widow during her life, and in a suit to settle the estate, pursuant to the request of the widow, the commissioner to whom the cause is referred reports a sum to which she is annually entitled for such support, which report is confirmed by the court, and on appeal to this Court, the decree confirming same is affirmed, such decree is *res adjudicata* as to the amount to which the widow is entitled for her support and maintenance, but it is not an adjudication that such amount constitutes a debt against the estate which can be allowed to accumulate and be passed by the widow to her devisee or personal representative; her right to such sum depending on her using it for the purpose for which it was bequeathed and decreed.   (p. 318.)

3. EXECUTORS—*Claims Against Estate—Allowance.*

   Where a defendant who has a claim against an estate files an answer in which he sets up that there is in his hands for collection an amount in notes owing to the estate larger than the amount of his claim, and the commissioner reports that he shall retain such claim out of the funds in his hands when collected, it is not error for the court, after the death of the one asserting the claim, to decree to his personal representatives, upon an answer filed for that purpose, the amount of the claim asserted by the decedent, there being no proof that he in his life time collected and retained the amount, nor any contention that the claim is not a just charge against the estate.   (p. 319 )

4. SAME—*Evidence.*

   In order that the report of the commissioner allowing a claim against an estate shall be sustained, it is essential that the claim so allowed shall have been proven before him by competent testimony.   (p. 319.)

Appeal from Circuit Court, Randolph County.

Action by Nannie I. Brown against Gustavus J. Cresap and others. From a decree in favor of plaintiff defendants appeal.

*Affirmed in part. Reversed in part. Remanded.*

DENT & DENT, for appellants.

SAMUEL V. WOODS, for appellee.

SANDERS, PRESIDENT:

Many years ago C. J. P. Cresap, of Randolph county, died testate, and Agnes C. Cresap, the executrix of his will, filed a bill in equity for the purpose of settling up his estate, and later filed an amended and supplemental bill, claiming to be the sole beneficiary under the will, and asking a construction thereof. The circuit court held the will to vest in her the title to the whole of the testator's estate, both real and personal. Upon appeal this Court, as will appear from the case of *Cresap v. Cresap*, 34 W. Va. 310, construed the will, reversing the decree of the circuit court, and clearly settling the rights of the parties litigant and fixing their respective interests. The will was construed to give the widow, Agnes C. Cresap, the power to sell and convey the estate, both real and personal, as to her seemed proper, first, for her support and maintenance, according to her condition in life, and second, for the benefit of the estate; and at her death of the remainder she was given the power to dispose of one-fourth; Nannie I. Evans, her niece, was to have one-fourth, and the remaining one-half was given to Gustavus J. Cresap, the brother, and Mary B. Cresap and Rachel R. Cresap, the sisters of the testator; and further, if Agnes C. Cresap died without disposing of the one-fourth interest of which she was authorized to make disposition, then that it should pass to and be divided between his said brother, Gustavus J. Cresap, and any unmarried sister or sisters.

Upon the cause being remanded to the circuit court, the plaintiff, Agnes C. Cresap, filed an amended and supplemental bill, setting up that shortly after her marriage, and in the life time of her husband, she furnished to him about four thousand dollars, twenty-five hundred dollars of which he invested in real estate known as the Burkett property, and without her knowledge took the deed in his name, and

claimed that her husband held the legal title in trust for her, and asked that a resulting trust be declared in her favor. She also asked that the amount necessary for her present, as well as her future support and maintenance, be ascertained, decreed and secured to her. After the filing of this amended bill she died testate, giving all of her real estate to her niece, Nannie I. Brown, (nee Evans), who filed an answer, setting up that her testatrix had died testate, leaving all of her estate to her, and exhibited the will; and by consent the cause was revived in her individual right as sole devisee of Agnes C. Cresap, deceased, as well as in her fiduciary character, and the cause was also revived in the name of Leland Kittle, administrator *de bonis non*, with the will annexed of C. J. P. Cresap, deceased. Samuel Woods, a party to the suit, having died, by consent the cause was revived in the name of J. Hop Woods and Samuel V. Woods, his administrators, with the will annexed. The cause was referred to a commissioner, who reported that the Burkett property was purchased with the money of Agnes C. Cresap, and that the same was held in trust for her. He also reported that the sum of eight hundred dollars would be a reasonable annual allowance for her maintenance and support, according to her station in life, and that twenty-five dollars would be a reasonable annual allowance for medical services. Upon this report, the circuit court decreed that the title to the Burkett property was vested in C. J. P. Cresap, in trust for Agnes C. Cresap, who was entitled at the time of her death, to be invested with the legal title thereto, and appointed a commissioner to convey the legal title to Nannie I. Brown, her devisee. Among other things the court also overruled exceptions to the report wherein the sum of eight hundred dollars as aforesaid was reported to be a reasonable annual allowance for the maintenance and support of Mrs. Cresap, and confirmed the same in that respect, and referred the cause to a commissioner for a further report. From this decree Gustavus J. Cresap, Rachel R. Murdock, formerly Cresap, and Mary B. Cresap appealed, which decree was, upon review by this Court, affirmed.

Upon the return of the cause to the circuit court the second time, the commissioner executed the decree of reference, and reported, among other matters, that upon a settlement

of the estate of Agnes C. Cresap, executrix of C. J. P. Cresap, deceased, the estate was indebted to Nannie I. Brown the sum of thirteen thousand eight hundred and seventy-two dollars and ninety-six cents, a balance after charging Agnes C. Cresap with all which went into her hands as executrix, and giving her credit for all disbursements made by her, and also giving her credit for the sum of twenty thousand and thirty-nine dollars and forty-three cents, being the aggregate amount of the annual allowance of eight hundred and twenty-five dollars, together with its accumulated interest, as a charge upon the estate of C. J. P. Cresap. He also reported the sum of one thousand and thirty dollars and sixty cents as a lien against the estate of C. J. P. Cresap in favor of the administrators of the estates of Samuel Woods and John Brannon, deceased, and the sum of five hundred dollars against the estate of said Cresap in favor of Leland Kittle. Many exceptions were endorsed to the commissioner's report by the Cresaps, but it will only be necessary to refer to the three several items above referred to, as the disposition of the exceptions to these items will effectually dispose of the appellant's assignments of error.

It is contended by counsel for the appellee that the first item has been fully adjudicated by the decree overruling the exceptions to the commissioner's report and confirming the same, wherein eight hundred and twenty-five dollars was reported as a reasonable allowance for the annual support, maintenance and medical attention of Mrs. Cresap. The report upon which this decree is predicated and the decree itself only fix this as a sum reasonable for the support and maintenance of the widow. This she asked to be done, but it cannot be said that by this decree if the widow fails to use or consume this amount of property, she would be entitled to collect that portion which she did not consume. Nothing was decided as to when such sum should be collected. It was not mentioned in the whole proceeding, and the question as to when it was to be charged never arose until after the cause went back the second time.

The question now arises, is the decree of the circuit court right in decreeing in favor of Nannie I. Brown the amount to which she claims to be entitled on account of the allowance for the support and maintenance of Mrs. Cresap. The

settlement of the accounts of Mrs. Cresap as executrix of the will made before the commissioner, and the report thereof, are very indefinite and uncertain, but the best deduction that can be drawn therefrom is that leaving out of the account the amount for her support and maintenance, with which she was credited, she would be indebted to the estate something over three thousand dollars, and to give her credit for the amount to which she claims to be entitled on account of support and maintenance would leave a balance in her favor of thirteen thousand eight hundred and seventy-two dollars and ninety-six cents. C. J. P. Cresap, the testator, did not charge the estate with the payment of a specific sum for the maintenance and support of his wife. It was not intended by his will for her to accumulate a large debt against the estate, which she could dispose of by assignment or bequest. He gave her full power to dispose of this property, first, for her support, and second, for the benefit of his estate; and after she had taken from the estate a sufficient sum to maintain and support herself according to her station in life, the remainder he directed to be disposed of in a particular manner. She had the power to take from this estate a sum sufficient for her support and maintenance, but this was a matter of election and choice with her. It was within her power, under the will, to take from the estate such sum as would be sufficient to maintain and support her, according to her station in life, which the circuit court determined to be the sum of eight hundred dollars, and which was affirmed by this Court. But if she saw proper not to deduct this sum from the estate, or if she saw proper to deduct a less sum than that fixed by the commissioner in his report and by the decree of the court, her devisee cannot be heard now to say that she is entitled to a decree for a sum equal to eight hundred and twenty-five dollars for each year she lived after her husband's death. In the case of *In re Traver* (Sur.) 9 Misc. Rep. 621, 30 N. Y. Supp. 851, it was held that under a bequest of a sum of money to testator's widow, "of which she is to receive the use during her natural life, and as much of the principal as she might require, and, should any surplus remain, it is to be divided equally between my daughters," the right of the widow to the principal of such sums depends on her using it or demanding it for that purpose

during her life time; and where she used her own property for her support, her personal representative is not entitled to indemnity out of the sum bequeathed.

It certainly was not the intention of Cresap to give to his widow the right to accumulate a vast estate at the expense of the other legatees when he provided that she should have a suitable maintenance. He meant what the term implies— that she should be supported in a manner suitable to her station in life. As before stated, it appears, leaving out of consideration the amount allowed for her support and maintenance, that the difference between the amount of the estate that went into her hands and that for which she is accounted is about three thousand dollars, which we will not charge against her, because she being the executrix of the estate, with the power to sell or dispose of any or so much of it as is necessary for her support and maintenance, and she not accounting for this sum, we can presume that it was applied to her support and maintenance. Page on Wills, section 605, note 54; *Brunson* v. *Martin et al.*, 152 Ind. 111.

The proceeding by which Mrs. Cresap was decreed a specific sum for her support and maintenance was a useless one, inasmuch as by the will of Cresap the entire estate was charged with her support and maintenance, and she was given absolute control over it during her life, with power to sell any or all of the estate if deemed by her beneficial to it to do so. Why decree to her a sum certain, when she had the right to use the whole of the estate, if necessary for her support and maintenance? But by the action of the court in fixing such sum, she was limited to that amount. She could not consume more than the sum fixed, but if she did not use that sum, she did not thereby acquire the right to charge the estate with that portion not used.

After the return of this cause to the circuit court the first time, an answer was filed by Samuel Woods, setting up that there was in his possession for collection a large amount in notes, belonging to the estate of Cresap, and that in transactions between them, the executrix had been overpaid by himself and John Brannon approximately the sum of five hundred dollars, of which sum they would be entitled to have reimbursement. The commissioner reported this amount as a charge against the estate, and that Woods would be en-

titled to retain the same out of the funds in his hands, when collected. This report, in this respect, was not excepted to, and it was confirmed by the court. Woods and Brannon having died, upon the return of the cause to the circuit court the second time, an answer was filed by the administrators of Woods, asking that the sum amounting, including principal and interest, to one thousand and thirty dollars and sixty-eight cents, be decreed to them as administrators of Woods, and to the administrators of Brannon. This the court did, and its action is assigned as error, on the ground that it should not · have been charged against the realty, it being claimed that there was personalty out of which it could have been satisfied. It does not appear that the amount was retained by Woods—in fact, it is not denied that it is a proper charge against the estate. Under these circumstances, we do not think it error to allow it, the fact that the amount was directed to be retained by Woods not precluding the giving of a decree for it to his administrators, unless it affirmatively appears that it was so retained. The contention that there is personalty sufficient to satisfy the claim is not borne out by the record. By the settlement with the commissioner, Leland Kittle is shown to have in his hands as administrator of the estate the sum of five hundred and forty-one dollars and fifty-four cents, and in the final decree he is directed to apply same to the payment of the debts decreed, ratably, and the real estate is ordered sold to pay the residue. Hence, this claim having been established, and it being shown that there is not sufficient personalty out of which to satisfy it, the decree charging it upon the estate is proper.

The third of the items above referred to is the allowance of five hundred dollars attorney's fees to Leland Kittle, and the ground of exception is that there is no evidence upon which to base a decree in his favor for this amount. As appears from the record, Kittle was attorney for Mrs. Cresap, assisting her in winding up the estate. However, there is no evidence which even tends to show that the amount which was allowed him is a correct charge against the estate. The record is absolutely silent on this point, the commissioner simply reporting that Kittle is entitled to the amount; but for what services it is charged; when those services were performed, or, if performed, that they have not already been paid for, does not

appear. No testimony appears that the estate should pay the sum decreed.

It is earnestly insisted that the decision of ·this Court on the last appeal is erroneous wherein it decrees to Agnes C. Cresap the Burkett house and lot, and the ground of this insistence is that Mrs. Cresap could not renounce the will in part and accept it in part. ·This question in the litigation is *res adjudicata,* and we could not, even if we were so disposed, overthrow the decision in this respect. But upon a careful examination of this question, it will be found that the decision, in this respect, is not erroneous. C. J. P. Cresap devised the whole of his property in general terms, without specifying it. It does not appear that he disposed of the Burkett property, or attempted to do so. He never owned the Burkett property, it being paid for out of money belonging to his wife. Therefore, in asking that this property be decreed to her, Mrs. Cresap was not seeking to take in hostility to the will, inasmuch as the property had never been vested in Cresap, he holding the legal title in trust for his wife, but her suit was only for the purpose of acquiring the outstanding legal title.

The appellee, Nannie I. Brown, cross-assigns as error the refusal of the court to allow her, the sum of three hundred and ten dollars and twenty-four cents, which amount was paid to Samuel Woods for attorney's fees in and about the suit first instituted by Agnes C. Cresap. This sum was reported as a proper charge by the commissioner, but the court sustained an exception to that part of the report. Inasmuch as Mrs. Cresap in the suit in which these services were rendered set up a claim in hostility to the estate, the services were rendered primarily for her, and her devisee is not entitled to have the estate charged with the fees paid to attorneys in that litigation.

Appellee Nannie I. Brown also cross-assigns as error the refusal of the court to allow her the sum of six thousand one hundred and thirty-four dollars and sixty cents, the balance of the money belonging to Agnes ₅C. Cresap which it is claimed went into the hands of C. J. P. Cresap, at the time of their marriage, and for which he never accounted, it being claimed that the allegations of the supplemental bill in

regard to this sum are not denied, and that the validity of the debt is clearly proved.    The fact that Cresap received this money was set up in the second amended bill.    But there is no prayer in that bill, nor in any pleading subsequently filed, that the residue of the amount so received by him, over and above the sum paid for the Burkett property, be decreed to Mrs. Cresap, and inasmuch as the matters arising upon the bill were determined upon the second appeal, it is now too late to ask for the allowance of this sum, and upon a fair construction of the bill she does not claim this sum, but only claims the amount that was paid for the Burkett property.

It is contended on behalf of the appellants that the supplemental bill of Agnes C. Cresap should have been dismissed as wholly unnecessary, and that the revival of the suit in the name of Leland Kittle as administrator of the estate of Cresap, as well as in the name of Nannie I. Brown as executrix of Agnes C. Cresap, was erroneous. These matters arose after the cause was remanded to the circuit court after the first appeal, and before the second appeal was taken; hence the determination reached renders them *res adjudicata.* The only additional pleadings filed after the second appeal, and which can be considered here, were the answers of Nannie I. Brown and the administrators of Samuel Woods. The latter has already been referred to, and in the answer filed by Nannie I. Brown she asks, in substance, that she be substituted a party in the place and stead of Agnes C. Cresap, and have all the relief which had been decreed or might thereafter be decreed to Mrs. Cresap, decreed to her. There were no new parties made by this pleading, there was no objection to it, and we fail to see wherein the court erred in permitting it to be filed.

The decree of the circuit court, in so far as it allowed the claim of Leland Kittle, amounting to the sum of five hundred dollars, and in so far as it allowed to Nannie I. Brown the aggregate amount of thirteen thousand eight hundred and seventy-two dollars and ninety-six cents, with interest thereon to April 12th, 1906, as a charge against the estate of C. J. P. Cresap, deceased, is reversed and said claims disallowed: and in all other respects said decree is affirmed.  And this cause is remanded to the circuit court of Randolph coun-

ty, for further proceedings, according to the principles stated in this opinion and in accordance with the rules and principles governing courts of equity.

*Affirmed in part. Reversed in part. Remanded.*

BRANNON, JUDGE:

I participated in the consideration of this case in conference and concur in its decision, except that I took no part as to that part of the case involving the debt decreed to Judge Woods and my brother, John Brannon.