voked. Here we have a train standing for two hours, and it suddenly runs away. What caused it no one proves. The workmen who were loading the cars were undoubtedly the fellow workmen of the engineer engaged in pulling the cars. They were all engaged in the employment of the common master, engaged in the common work. It is elementary that a plaintiff must show what caused the accident, that it was due to the negligence of the defendant, and that his own negligence did not contribute thereto. He has shown the running away of the cars, but he has not shown the cause of that running away, the proximate cause of the accident.

The court declined to charge, at the request of the defendant:

"That, if the jury believe that the car was started through some cause unknown to them, that they must find for the defendant."

And also:

"That unless the jury is able to determine from the evidence that the starting of the cars was not caused by the negligence of a fellow servant, that the plaintiff cannot recover."

And also:

"That, before the defendant can be held liable, they must find from the evidence that the cars were not secured in a reasonably safe manner."

It seems to me that where no evidence had been adduced as to how the cars were secured, taken in connection with the fact of the length of time they had stood in the process of loading, and with no evidence of the cause of their starting, when the court declined these requests, when it is obvious that the accident might have been occasioned by the negligence of a co-employé, the jury were called upon to guess why and how the accident occurred. Upon careful examination of the record, this court must guess and cannot find how the accident occurred. In my opinion the plaintiff has not sustained the burden of proof put upon her by the law. Upon this record she has failed to make out her case in the essentials required by the law.

It follows, therefore, that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

INGRAHAM and LAUGHLIN, JJ., concur. HOUGHTON and SCOTT, JJ., dissent.

---

(125 App. Div. 746.)

In re DOIG et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. COURTS—NEW YORK SURROGATE'S COURT—JURISDICTION—BAR OF CLAIM—LIMITATIONS.

The Surrogate's Court has jurisdiction to determine whether a claim has been conclusively allowed, so that payment must be ordered, or whether it has been rejected, and is barred by the statute of limitations.

2. SAME—POWER TO OPEN DECREES.

Where a party brought into Surrogate's Court, through mistake or inadvertence, or from any excusable cause, fails to appear, and a decree is entered against him, that court has power to open the decree and let

him be heard. Hence, where a claimant set up a claim against an estate as a counterclaim in an action against him, and has been led to believe, or supposes, that all matters will be determined in that action, the Surrogate's Court has power to open a decree entered in connection with a settlement of the administrators' accounts, adjudging that the claim, which was also presented to the administrators, had been rejected, and was barred by the statute of limitations, so that the question may be properly contested.

3. APPEAL—DECISIONS REVIEWABLE—STATUTORY PROVISIONS — DISCRETIONARY ORDER OF SURROGATE'S COURT.

Under Code Civ. Proc. § 2570, providing that an appeal may be taken to the Appellate Division from a decree of the Surrogate's Court, or from an order affecting a substantial right, made by a surrogate or by a Surrogate's Court in a special proceeding, the Appellate Division of the Supreme Court may open a discretionary order of the Surrogate's Court, and determine whether there has been an abuse of discretion to the substantial injury of the party claiming to be aggrieved, and where one who presented a claim against an estate also set it up as a counterclaim in an action by the administrators, but in the final accounting a default order was entered that the claim had been rejected, and was barred by the statute of limitations, and the claimant alleged that there was an understanding between himself and the attorneys for the administrators that the question whether his claim had been legally rejected should be determined in the action then pending against him, the surrogate's decree may be opened by the Appellate Division, for, if there has been no legal rejection, the claimant is seriously aggrieved by the adjudication, and if he was led to believe, or had substantial grounds for the mistaken belief, that the question of rejection would be and was to be determined in the action pending, he should have an opportunity to try the question in some proper tribunal.

4. ADMINISTRATORS—ACCOUNTING—DECREE—OPENING—OPENING IN PART.

Where a decree settling the accounts of administrators adjudges that a claim has been rejected and is barred by the statute of limitations, there is no occasion for opening the decree further than may be necessary to preserve funds for the payment of the claim, if any is established.

Appeal from Surrogate's Court, New York County.

Proceedings for the judicial settlement of the accounts of Calvin G. Doig and another, as executors of the estate of Robert McCafferty. From an order denying an application to open a decree settling the accounts and adjudging that the claim of Ferdinand R. Bain was rejected and was barred by the statute of limitations, claimant appeals. Reversed and remitted, with directions.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Myer Nussbaum, for appellant.
John L. Hill, for respondents.

HOUGHTON, J.   The appellant presented a claim against the estate of Robert McCafferty, deceased, and, when the respondent administrators presented their accounts to the surrogate for judicial settlement, they set forth that the claim had been rejected in writing, and that more than six months had expired without reference or action, and hence that it was barred by the short statute of limitations, as provided by section 1822 of the Code of Civil Procedure. Citation was issued to appellant, who appeared, and he claims that it was understood between himself and the attorneys for the administrators that the question as to whether his claim had been legally rejected should

be determined in an action then pending against him, brought by the administrators, in which he had set up the claim in dispute as a counterclaim, and to which the plaintiffs had replied setting up rejection and the running of the short statute of limitations. Thereupon the appellant abandoned, as he asserts, the surrogate's proceeding, supposing that all matters would be determined in the action pending against him. The respondents insist that no such understanding was had, and they caused to be inserted in the decree judicially settling their accounts an adjudication that appellant's claim had been rejected and was barred by the statute of limitations. Thereupon appellant moved to open the decree of the surrogate for the purpose of eliminating such adjudication, and, his motion being denied, he now appeals.

The right of the surrogate to make an adjudication that a claim has been rejected by executors or administrators, and is barred by the short statute of limitations from lapse of time, is challenged by the appellant. If the surrogate had no jurisdiction, he is not harmed. Whatever doubt, however, there may have been with respect to the jurisdiction of the Surrogate's Court to determine whether a claim has been conclusively allowed so that payment must be ordered, or whether it has been rejected and is barred by the statute of limitations, is set at rest by the decision in Matter of Miles' Estate, 170 N. Y. 75, 62 N. E. 1084, expressly holding that it has such jurisdiction. The Surrogate's Court having jurisdiction to determine the question, its decree adjudging that the claim was rejected and is barred is conclusive upon the appellant, and he is aggrieved if such adjudication was improperly made.

It is suggested that the Surrogate's Court had no power to open the decree, and that, even if it had, this court cannot disturb the discretion which it exercised in refusing so to do. If a party brought into Surrogate's Court by citation, through mistake or inadvertence, or from any excusable cause, fails to appear, and a decree is entered against him, we think that court has the power to open the decree and let him be heard. Some expressions are found in the opinions In re Tilden's Ex'rs, 98 N. Y. 434, and In re Hawley, 100 N. Y. 206, 3 N. E. 68, seeming to limit the power of the Surrogate's Court in this respect; but in Matter of Henderson, 157 N. Y. 423, 52 N. E. 183, these decisions are commented upon, and a much broader view taken of the inherent powers of so important tribunals as are the various Surrogates' Courts of the state. As early as Pew v. Hastings, 1 Barb. Ch. 452, it was distinctly held that a surrogate had the power to open a decree taken by default in consequence of a mistake or an accident, on the principle that such power is absolutely essential to the due administration of justice, and it is upon this principle that Matter of Henderson, supra, was decided. To the same effect is Matter of Flynn 136 N. Y. 287, 32 N. E. 767, and Matter of Traver, 9 Misc. Rep. 621, 30 N. Y. Supp. 851.

By section 2570 of the Code of Civil Procedure it is provided that an appeal may be taken to the Appellate Division from a decree of the Surrogate's Court, or from an order affecting a substantial right, made by a surrogate or by a Surrogate's Court in a special proceeding. In the Matter of Selleck, 111 N. Y. 284, 19 N. E. 66, notwith-

standing the equivocal language of certain sections of the Code, it was determined that the former General Term had the right, in certain cases, to review discretionary orders made by a Surrogate or a Surrogate's Court. To like effect is Matter of Adler, 60 Hun, 481, 15 N. Y. Supp. 227, and this court has been called upon and has passed upon the propriety of many discretionary allowances of costs in the Surrogate's Court.

In our opinion this court has the power to review a discretionary order of the surrogate or the Surrogate's Court, and determine whether or not there has been an abuse of discretion so as to work substantial injury to the party claiming to be aggrieved. If it is true that there has been no legal rejection of appellant's claim so that the short statute of limitations could run against it, he is very seriously aggrieved by the adjudication in the decree which he sought to open. If, also, he was led to believe, or had any substantial grounds for the mistaken belief, that the question of such rejection would be and was to be determined in the action pending, and for that reason paid no further attention to the proceedings in the Surrogate's Court, and permitted a decree to go against him by default, he should have an opportunity to try out the question in some proper tribunal. This opportunity can be granted him by opening the decree and eliminating therefrom the adjudications respecting the rejection of the claim so that there will be no binding judgment against him on that question, or by opening the decree and permitting him to contest the matter in the Surrogate's Court.

While much can be said with respect to appellant's lack of diligence in failing to inform himself as to how the decree was to be entered after a copy of the proposed decree had been served upon him, still on all the facts we are of the opinion that justice would be best subserved by permitting an opening of the decree and a trial of the question of rejection upon the merits in one tribunal or the other. There is no occasion for opening the entire decree except in so far as it shall be necessary to preserve funds for the payment of appellant's claim, if he shall succeed in establishing any.

The order should be reversed, and the matter remitted to the Surrogate's Court, with direction to open the decree and to proceed thereon as the parties may be advised, with $10 costs and disbursements to appellant payable out of the estate. All concur.